Argued January 8, affirmed in part; reversed in part and
remanded April 23, 1969

OGLE, *Appellant, v.* BILLICK ET AL,
*Respondents.*

453 P2d 677

*Fred P. Eason,* Coos Bay, argued the cause and filed briefs for appellant.

*Doyle L. Schiffman,* District Attorney, Roseburg, argued the cause and filed a brief for respondents.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and LANGTRY, Justices.

DENECKE, J.

The complaint alleged that the defendants injured plaintiff by negligently lowering the grade of a county road at the bottom of a stairway leading from plaintiff's house to the road. A handrail post was thereby undermined and gave way when plaintiff walked down the stairway, causing her to fall. Plaintiff joined as defendants, the county, the county engineer, the county commissioners, and the county employee who operated the grader and lowered the grade. All defendants demurred, principally upon the ground that they were immune from suit. The trial court sustained all the demurrers and dismissed the complaint. Plaintiff appeals.

The law in the area of governmental immunity and the immunity of government officers and employees is not clear and is changing. *Jarrett v. Wills*, 235 Or 51, 54, 383 P2d 995 (1963). With respect to two of the defendants, however, our legislative and case law is clear.

■ The plaintiff admits that the county is immune unless the action is within the purview of ORS 368.940. This statute authorizes an action for damages against a county for a defect in a road or bridge if the county knew or should have known of the defect. However, if the statute were otherwise applicable it cannot be the basis of recovery for the plaintiff because it was enacted after the plaintiff was injured. The statute became effective August 13, 1965, whereas plaintiff alleges she was injured in December 1963.

■ There was a statute effective in 1963 rendering the county liable. ORS 368.935. This earlier statute, however, was not grounded upon negligence, and it limited the amount of recovery. *Smith v. Clackamas County*, 252 Or 230, 448 P2d 512 (1968). It is obvious

that plaintiff was not attempting to plead a cause under the former statute. The demurrer of the county was properly sustained.

■ The complaint alleges in essence that the defendant Billick, while working for the county, negligently graded and thus caused plaintiff's injury. Billick demurred upon the ground that he was acting in his official capacity as a county employee and as such he was immune from liability. The trial court erred in sustaining this demurrer.

In *Marchant v. Clark,* 225 Or 273, 357 P2d 541 (1960), plaintiff brought an action against a county employee who was charged with negligently driving a county truck on county business and thereby injuring plaintiff. We held:

> "Giving this instruction constituted prejudicial error. The court in effect advised the jury that if the defendant was operating his truck under instructions of his employer, even though negligently, the defendant would not be liable.
>
> "Neither a state nor an individual can confer upon an agent authority to commit a tort. *Gearin v. Marion County,* 110 Or 390, 223 P 929. * * *." 225 Or at 275-276.

4. A county employee who negligently drives a vehicle, operates a grader or performs other kinds of work for a county is personally liable. This principle has been commended and criticized. Prosser, Torts (3d ed) 1018-1019; 3 Davis, Administrative Law, § 26.02 (1958). As noted earlier, this area of the law is undergoing change, and there is a legislative trend toward eliminating governmental immunity. If the plaintiff can recover against a government employer, it normally becomes largely academic whether he can recover against the employee.

The claims against the county engineer and the county commissioners are more difficult to decide.

The plaintiff alleged that the county commissioners "had *general* supervision and control over all construction and maintenance of Douglas County roads * * *." (Emphasis added.) She further alleged that the commissioners were negligent:

"(1) In authorizing the lowering of road grade in front of Plaintiff's home so as to create a dangerous condition in front of said home by weakening the aforesaid handrail post and lowering said roadbed approximately four feet in a straight drop-off from the last step of said stairway.

"(2) In failing and neglecting to properly supervise, control and inspect the aforesaid road construction and the lowering of said roadbed so as to have been able to discover the weakened condition to said stairway post and the abrupt dropoff from the last step of said stairway."

These allegations of negligence, when examined alone, could be interpreted to charge the commissioners both with personal negligence and with the responsibility for the negligence of the grader operator, Billick. When the allegations of negligence, however, are examined in light of the allegations of the duties of the commissioners, they can only be interpreted to charge the commissioners with liability because of the negligence of Billick and not with personally and knowingly authorizing the detailed plans for the grade. Plaintiff alleged that the commissioners had "general" supervision and control. The clear implication of such allegation is that the commissioners did not have the duty to pass upon the details of the grading operation.

The commissioners cannot be held responsible for the negligence of the grader operator. Public offi-

cials are normally not liable for the tortious acts of employees working for them. The doctrine of respondeat superior is not applicable to public officials.

> "* * * It is the universal rule that a public officer is not personally liable for the negligence of an inferior officer unless he, having the power of selection, has failed to use ordinary care in the selection: * * *." *Colby v. City of Portland,* 85 Or 359, 373, 166 P 537 (1917).

We reached this same result in *Vendrell v. School District No. 26C,* 226 Or 263, 360 P2d 282 (1961). This was an action for damages for injuries incurred by a player in a school football game. The school district, the school board members, the superintendent, and the principal were made defendants. The plaintiff alleged:

### "X.

> "That the injuries heretofore mentioned which were received by the plaintiff were directly and proximately caused by the negligence of the Defendants, and each of them, and that the Defendants, and each of them, were negligent in that they caused an inexperienced football team, namely the football team of the Defendant School District to play a team far superior; they allowed the Plaintiff, who was an inexperienced Freshman to participate in said game, that they allowed the Plaintiff to participate in a varsity football game without proper or sufficient instruction; that they did so without the consent or knowledge of the Plaintiff's parents." 226 Or at 267-268.

We held that the individual defendants could not be held liable for the acts of their employees as they were public officials. We also held they could not be held personally negligent. Unlike the present case, the plaintiff did not allege the duties of the individuals; nevertheless, we held: "* * * [W]e can say as a

matter of law that they [the school board] are not charged with the responsibility of supervising the detailed activities involved in the conduct of the athletic program at Nyssa high school." 226 Or at 270.

The present case is a stronger one for the commissioners because the plaintiff in the present case alleged in effect that the commissioners did not have the duty of supervising the details of road grading; the commissioners only had "general" supervision.

For these reasons the county commissioners cannot be liable to the plaintiff and their demurrer was properly sustained.[1]

As to the county engineer, however, the pleadings, considered as a whole, allege that he was personally negligent. Plaintiff does not allege that the engineer had "general" supervision of road construction. She alleged that the county engineer "was charged with the duty of supervising and directing construction and maintenance of Douglas County roads  *  *  *." She alleged that the county engineer was negligent in the following particulars:

> "(1) In grading the aforesaid county roadway down so low below the aforesaid stairway so as to create a dangerous condition for those using said stairway.
> "(2) In failing to properly supervise and inspect the aforesaid grading so as to determine whether or not the earth had been moved away from the post supporting the aforesaid handrail to Plaintiff's stairs.
> "(3) In failing and neglecting to order and supervise reconstruction of the aforesaid stairway

---

[1] The defendants have not made the contention that no liability for personal injury arises because work within the roadway deprived adjoining property of lateral support and thereby caused injury. We will assume, therefore, without deciding, that there can be such liability.

so as to make the handrailing and stairway safe for egress and ingress of Plaintiff."

■ On the basis of these allegations the plaintiff could offer evidence that the engineer had the duty to and did order and supervise the details of the grading in such a manner as to create the dangerous condition which injured plaintiff. If such evidence were offered, the jury could find the engineer was personally negligent and perhaps personally liable. In *Humphrey v. Portland,* 79 Or 430, 154 P 897 (1916), there was evidence that the city engineer was negligent in that he personally knew of a defect in the sidewalk but, nevertheless, did not have the defect repaired. The court without any discussion held that the engineer could be liable.

■ We have said "perhaps" the jury could find the engineer liable if they found he was personally negligent. Upon trial, the duties and functions of the engineer may be put into evidence. In such event the trial court will have to delve into the mysteries of whether the engineer exercised a "discretionary" function or a "ministerial" function. We have held, in common with many other jurisdictions, that a public officer negligently exercising "discretionary" functions is not personally liable. *Jarrett v. Wills,* supra (235 Or 51). In *Jarrett v. Wills,* supra (235 Or at 54-55), we acknowledged the difficulties present in the application of this principle. In the present case we cannot be of assistance to the trial court because we only have the pleadings to consider and do not know the facts concerning the engineer's function.

The demurrer of the engineer should have been overruled.

Affirmed in part; reversed in part and remanded.