Argued and submitted August 31, 1993, decision of the Court of Appeals affirmed on different grounds; judgment of the circuit court reversed, and case remanded to the circuit court for further proceedings July 21, 1994

David KRIEGER,
*Petitioner on Review/Respondent on Review,*

*v.*

Valva Doree JUST,
*Respondent on Review/Petitioner on Review.*

(CC CV90-122; CA A69602; SC S39923, S39994)

876 P2d 754

J. Michael Alexander, of Burt, Swanson, Lathen, Alexander & McCann, Salem, argued the cause and filed the petition and a response for petitioner on review/respondent on review Krieger.

Gregory B. Snook, of Allen, Kilmer, Chenoweth, Voorhees & Laurick, P.C., Portland, argued the cause and filed the petition and a response for respondent on review/petitioner on review Just.

Richard M. Rogers, Portland, filed a brief on behalf of *amicus curiae* Oregon Trial Lawyers Association.

Before Carson, Chief Justice, and Peterson,** Gillette, Van Hoomissen, Fadeley, Unis, and Graber, Justices.

FADELEY, J.

---

** Peterson, J., retired December 31, 1993.

**FADELEY, J.**

Plaintiff seeks damages for injury allegedly resulting from defendant's negligent driving of her personal automobile. The collision that caused plaintiff's injury occurred in May 1988. Plaintiff's complaint alleges a common-law negligence claim against defendant, seeks damages only from defendant individually, and states no facts related to any public body or public employment. No public body is a party to this litigation. Defendant, who was represented at all times by her private automobile insurer, first asserted, after plaintiff's complaint had been filed and more than two years after the injury, that defendant was driving at the time of the accident for a purpose related to her public employment with a public school district. At the time of plaintiff's injury, ORS 30.275(1) (1987) provided:

> "No action arising from any act or omission of a public body or an officer, employe or agent of a public body *within the scope of ORS 30.260 to 30.300* [the Oregon Tort Claims Act] shall be maintained unless notice of claim is given as required by this section." (Emphasis added.)

It is agreed that plaintiff has not given any notice of claim to defendant's public employer. The issue is whether that special notice provision of the Oregon Tort Claims Act applies in the circumstances of this case.

The trial court granted defendant's motion for summary judgment against plaintiff, deciding that the notice provision of the Oregon Tort Claims Act applied as a matter of law. The trial court also found, as a matter of fact, that plaintiff knew, or by exercising reasonable diligence would have discovered, that defendant was acting in the course and scope of her public employment at the time that her negligent driving injured plaintiff and that plaintiff had failed to give the notice that ORS 30.275 requires in cases falling within the Oregon Tort Claims Act.

On plaintiff's appeal, the Court of Appeals reversed the grant of summary judgment and remanded the case to the trial court. The majority opinion in the Court of Appeals agreed that the 180-day notice provision of the Oregon Tort Claims Act applied. That court reversed, however, because it held that there was a disputed issue of fact that only a jury

could resolve, namely, whether plaintiff knew or should have discovered that defendant was acting within the course and scope of her employment at the time of the accident. *Krieger v. Just*, 117 Or App 64, 843 P2d 473 (1992).

A specially concurring opinion agreed with the reversal of summary judgment but did so on the basis that the then-existing notice provisions of the Oregon Tort Claims Act were not applicable as a matter of law to plaintiff's action, because plaintiff sought damages only against defendant as a private individual. *Id.* at 69, 77 (Warren, J., specially concurring).

For the reasons set forth below, we affirm the decision of the Court of Appeals. The claim pleaded here, for injuries in 1988, is asserted against defendant as a private individual only. That claim was not covered by the Oregon Tort Claims Act. Thus, plaintiff's failure to give notice under that Act does not provide a basis for summary judgment in favor of defendant.

When a summary judgment granted by the trial court is assigned as error on appeal, the question is whether the moving party is entitled to judgment as a matter of law. ORCP 47 C; *Stevens v. Bispham*, 316 Or 221, 223, 851 P2d 556 (1993). ORCP 47 C requires that, before a summary judgment may be granted, "there is no genuine issue as to any material fact and * * * the moving party is entitled to a judgment as a matter of law." To determine whether those conditions are satisfied, we review the record in the light most favorable to the non-moving party, in this case, plaintiff. *Whitaker v. Bank of Newport*, 313 Or 450, 452, 836 P2d 695 (1992).

To determine whether a moving party is entitled to judgment as a matter of law, we first determine what the law is. We turn to that inquiry as it relates to the issue presented in this case — whether the Oregon Tort Claims Act and its 180-day notice provision apply to the type of claim pleaded by plaintiff.

Before the Oregon Tort Claims Act was adopted in 1967, and notwithstanding the sovereign immunity of the government that the Oregon Tort Claims Act partially removed, this court had held that public employees were not

immune as individuals from an action for injuries caused by torts that they committed, even though they were acting in the course and scope of their public employment at the time of their tortious acts. *Ogle v. Billick*, 253 Or 92, 453 P2d 677 (1969) (applying pre-1967 law).[1] As this court has later explained, the sovereign immunity then enjoyed by government did not extend to its employees except as to exercising discretionary governmental decision-making. *Smith v. Pernoll*, 291 Or 67, 69, 628 P2d 729 (1981).

Defendant does not dispute that a claim against the individual was available at common law or that that right of action remained after passage of the Oregon Tort Claims Act in 1967. Defendant relies on amendments made in 1975 and 1977 to ORS 30.275(1) for her argument that the Oregon Tort Claims Act and its notice provisions apply to this case. However, after the Oregon Tort Claims Act was adopted, and both before and after the 1975 and 1977 amendments to ORS 30.275(1) on which defendant relies, this court has held that public employees are not immune from personal liability for their individual torts committed in the course of their governmental employment.

In *Bradford v. Davis*, 290 Or 855, 626 P2d 1376 (1981), this court upheld a child's claim against an employee of Children's Services Division for a tort committed in 1973 in the course of the defendant's employment even though no Oregon Tort Claims Act notice was given to the government or its employee. This court stated:

> "We agree with the Court of Appeals that failure to give the required notice precludes holding the public body liable under ORS 30.265 both for 'its torts' and, under the statutory form of respondeat superior, for 'those of its officers, employees and agents.' The Tort Claims Act, however, does not assume that the government's liability under ORS 30.265 for the torts of its officers, employees and agents is exclusive of any liability on their part. The contrary seems

---

[1] This court held in *Ogle* that the demurrers of the county government, as well as of the county commissioners, *qua* county commissioners, were properly sustained principally on the ground of governmental immunity. However, the county employee who operated the roadgrader that allegedly undermined the stairway — causing the plaintiff's fall and injuries — and the county engineer who ordered and supervised the details of grading, were not similarly immune from the tort claim action. 253 Or at 95-99 (citing *Marchant v. Clark*, 225 Or 273, 357 P2d 541 (1960)).

implicit in the original 1967 act, which authorized a public body to procure liability insurance not only for itself but also for its officers, employees, and agents, and to 'defend, save harmless and indemnify any of its officers, employees and agents, whether elective or appointive, against any tort claim or demand . . .' " 290 Or at 863.

In *Smith v. Pernoll, supra*, the tort committed by the public employees occurred in 1976. The complaint did not allege that the defendants were public employees or that the tort occurred in the scope and course of the defendants' duties as public employees. The defendants, instead, raised the fact that they were public employees in their answer, just as defendant has done here. This court held:

> "The 1967 Act in no way restricted the common law tort liability of public employees arising from nondiscretionary acts." 291 Or at 70.

*See also Rogers v. Saylor*, 306 Or 267, 760 P2d 232 (1988) (concluding that, even though the tortious conduct was committed by a public employee, a common-law claim against the individual was still available outside the scope of the Oregon Tort Claims Act).

When the Oregon Tort Claims Act was first adopted, it enacted a partial waiver of sovereign immunity. *Smith v. Pernoll, supra*; *Bradford v. Davis, supra*; *see also* Lansing, *The King Can Do Wrong! The Oregon Tort Claims Act*, 47 Or L Rev 357 (1968). At the same time, the sovereign, acting through the legislature, exacted certain conditions as a part of that partial waiver of sovereign immunity. One condition was a dollar limitation on the amount that an injured party may recover from the sovereign. Another condition was timely notice. Under the Oregon Tort Claims Act, it was insufficient for the sovereign that a summons and complaint might show up on the sovereign's doorstep any time within the period of the statute of limitations. The sovereign required additional and earlier notice.

At the time of the injury in this case, the Oregon Tort Claims Act contained a section, ORS 30.265, specifically dealing with immunities that the state sovereign waived and those that it retained. As to the waiver of sovereign immunity, ORS 30.265 (1987) in part provided:

"(1)   Subject to the limitations of ORS 30.260 to 30.300, every public body is subject to action or suit for its torts and those of its officers, employes and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function or while operating a motor vehicle in a ridesharing arrangement authorized under ORS 276.598."

As to immunities, ORS 30.265 (1987) in part provided:

"(3)   Every public body and its officers, employes and agents acting within the scope of their employment or duties, or while operating a motor vehicle in a ridesharing arrangement authorized under ORS 276.598, are immune from liability for:

"(a)   Any claim for an injury to or death of any person covered by any workers' compensation law.

"(b)   Any claim in connection with the assessment and collection of taxes.

"(c)   Any claim based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused.

"(d)   Any claim which is limited or barred by the provisions of any other statute.

"(e)   Any claim arising out of riot, civil commotion or mob * * *.

"(f)   Any claim arising out of an act done or omitted under apparent authority of a law, resolution, rule or regulation which is unconstitutional, invalid or inapplicable * * *."
Or Laws 1987, ch 705, § 7.

As can be seen, the enumerated circumstances, for which an individual defendant may be immune, do not include the circumstances found in this case. Therefore ORS 30.265, the immunity section of the Oregon Tort Claims Act, does not apply to this defendant. Neither does that immunity section contain anything that suggests that this case is within the scope of the specific notice provisions of the Oregon Tort Claims Act.

In this case, defendant points to the wording of ORS 30.275(1), the 180-day notice of claim requirement that conditions the right to bring actions that come within the scope of the Oregon Oregon Tort Claims Act. The version of that statute effective in 1988 provided:

"No action arising from any act or omission of a public body or an officer, employe or agent of a public body *within the scope of ORS 30.260 to 30.300* shall be maintained unless notice of claim is given as required by this section." ORS 30.275(1) (1987) (emphasis added).

That sentence, referring as it does to circumstances within the scope of the Oregon Tort Claims Act, does not answer the question whether the legislature intended to abolish or restrict the private common-law claim against an individual defendant that this court has recognized in *Ogle v. Billick, supra*; *Smith v. Pernoll, supra*; and *Rogers v. Saylor, supra*, simply because the defendants in those cases, whose individual negligence caused the injury, also happened to be acting as a public employee at the time of the tort on which the claim is based.

Defendant relies on the wording of certain earlier amendments to ORS 30.275(1), which provided requirements for additional and earlier notice — wording that still survives within the section. The first of those amendments on which defendant relies came in the 1975 legislative session. However, defendant immediately points to a further clarification of the 1975 amendments that was enacted in 1977 as providing indication of legislative intent on which she specifically relies. Defendant asserts that the wording of those amendments, when taken together, expanded sovereign immunity to cover the negligence of public employees and, as they relate to this case, the several amendments taken together require, at the least, that no claim may be brought against a public employee individually for a tort committed while in the scope of employment unless the plaintiff complies with the 180-day notice provisions of the Oregon Tort Claims Act.[2] Plaintiff responds that the text and context of those tort claim statutes as amended do not indicate any legislative intent to grant additional immunity or protection, in the form of the 180-day

---

[2] Defendant also asserts that ORS 30.275(1) is not ambiguous. Unless the legislative intent embodied in the language of ORS 30.275(1), taken in context with ORS 30.265 and other related statutes, was not clear — that is, unless the language of the section was ambiguous at the time of the injuries in 1988 — we are to determine the legislative intent embodied in the statute by looking solely to its text and context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993).

notice provision or otherwise, to individual government employees.

In a serially amended statute such as is presented here, the wording changes adopted from session to session are a part of context of the present version of the statute being construed. We set out below the various amendments to the notice provision that have been adopted by the legislature during the relevant time period. They indicate, by legislative session year, various changes to the notice requirement:

## 1973

"Every person who claims damages from a public body for or on account of any loss or injury *within the scope of ORS 30.260 to 30.300* shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded." ORS 30.275(1) (1973) (emphasis added).

## 1975

"Every person who claims damages from a public body for or on account of any loss or injury *within the scope of ORS 30.260 to 30.300* shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded. Claims against the State of Oregon *or a state officer, employe or agent acting within the scope of his employment or duties* shall be presented to the Attorney General." ORS 30.275(1) (1975) (emphasis added).

## 1977

"Every person who claims damages from a public body *or from an officer, employe or agent of a public body acting within the scope of his employment or duties* for or on account of any loss or injury *within the scope of ORS 30.260 to 30.300* shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, the name of the claimant and his representative or attorney, if any, and the amount of compensation or other relief demanded." ORS 30.275(1) (1977) (emphasis added).

## 1981

"No action arising from any act or omission of a public body or an officer, employe or agent of a public body *within the scope of ORS 30.260 to 30.300* shall be maintained unless notice of claim is given as required by this section." ORS 30.275(1) (1981) (emphasis added).

The phrase "within the scope of ORS 30.260 to 30.300 [the Oregon Tort Claims Act]," found in the 1981 amendments (and comprising the 1987 version that applies to this 1988 claim), is the same phrase that appeared in the 1973 and 1975 versions of the Oregon Tort Claims Act. In those earlier versions, the phrase clearly modified or explained the kind of "claim" for "damages" to which it applied. That kind of claim, which the phrase modified or explained, was one made possible and authorized by the Oregon Tort Claims Act, not a previously existing common-law negligence claim against an individual.

When the 1981 legislative session enacted a new first sentence to ORS 30.275(1), the legislature retained the modifying phrase "within the scope of ORS 30.260 to 30.300 [the Oregon Tort Claims Act]." Indeed, that phrase has been used consistently in all versions of ORS 30.275(1), from before 1973 up to the present, to the same effect: as a limitation on the application of the notice provisions of ORS 30.275 to claims that are within the Oregon Tort Claims Act. Therefore, the sentence requiring notice for such claims does not, by its terms, cover the circumstances in this case, because this case does not purport to be *either* an action against a public body *or* an action against an employee of a public body, *qua* employee.

The question remains whether, as defendant contends, the negligence claim in this case has been brought within the scope of the Oregon Tort Claims Act by other legislative amendments. Specifically, defendant contends that amendments made in 1975 and 1977 to the indemnity provisions of the Oregon Tort Claims Act indicate the legislature's intent to require that notice be given by plaintiff to the public employer of a defendant who was acting within the scope of her employment when the actionable events occurred, even though no claim is made that, on its face, falls within the Oregon Tort Claims Act. Defendant argues that

amendments that require a public body to defend and indemnify a public employee, when a tort claim arises from performance of the employee's duty, demonstrate an unambiguous legislative intent that the notice provisions of the Oregon Tort Claims Act require that timely notice of the claim be given, not to the employee, but to the public body. Defendant specifically refers to ORS 30.285, as amended by Oregon Laws 1975, chapter 609, section 16, and ORS 30.287, first created by section 20 of that 1975 Act.

Oregon Laws 1975, chapter 609, section 16, provided:

"ORS 30.285 is amended to read:

"(1) The governing body of any public body [may] shall defend, save harmless and indemnify any of its officers, employes and agents, whether elective or appointive, against any tort claim or demand, whether groundless or otherwise, arising out of an alleged act or omission occurring in the performance of duty.

"(2) The provisions of subsection (1) of this section do not apply in case of malfeasance in office or wilful or wanton neglect of duty.

"(3) If any civil action, suit or proceeding is brought against any state officer, employe or agent which on its face falls within the provisions of subsection (1) of this section, or which the state officer, employe or agent asserts to be based in fact upon an alleged act or omission in the performance of duty, he may file a written request for counsel with the Attorney General. The Attorney General shall thereupon appear and defend the officer, employe or agent unless after investigation he finds that the claim or demand does not arise out of an alleged act or omission occurring in the performance of duty, or that the act or omission complained of amounted to malfeasance in office or wilful or wanton neglect of duty, in which case the Attorney General shall reject defense of the claim." (Underscored words added by amendment.)

Subsection 3, added by the 1975 legislature, provided that the public body "shall"[3] defend and indemnify its employee in

---

[3] Previously, that section had *permitted* indemnity and provision of a defense. The amendment changed that — by changing "may" to "shall" — to a *requirement* placed on government that it defend and indemnify its employees when, under the circumstances specified by the statute, they were performing a duty of their employment.

"any civil action * * * which on its face" was one "arising out of an alleged act or omission occurring in the performance of duty." The defense or indemnity owed to the employee was also to be provided if the employee asserted that the civil action arose from such an act or omission.[4]

Defendant does not rely on any specific wording in the "defend" and "indemnify" sections of the Oregon Tort Claims Act, ORS 30.285 (for state employees) and 30.287 (for local government employees). We note that there is no mention of a requirement of the giving of any notice by a *plaintiff* in the indemnity section. Rather, the 1975 amendments to ORS 30.285 placed the burden of seeking a defense and indemnity on the public employee, by requiring that the employee notify the public body.[5] By another amendment in Oregon Laws 1975, chapter 609, a new section, section 20, was added to the Oregon Tort Claims Act relating to "local public bodies." Section 20 was codified as ORS 30.287, and in part provided:

"(1)  If any civil action, suit or proceeding is brought against any officer, employe or agent of a local public body other than the state which on its face falls within the provisions of subsection (1) of ORS 30.285, or which the officer, employe or agent asserts to be based in fact upon an alleged act or omission in the performance of duty, he may file a written request for counsel with the governing body of the public body. The governing body shall thereupon engage counsel to appear and defend the officer, employe or agent unless after investigation it is determined that the claim or demand does not arise out of an alleged act or omission occurring in the performance of duty, or that the act or

---

[4] The issue before us does not involve adjudication of the rights of public employees *vis-a-vis* their public-body employers under that statute.

[5] The 1975 amendments also added words to the section governing notice of tort claims under the Tort Claims Act, ORS 30.275(1). Or Laws 1975, ch 609, § 14. Before the 1975 amendments, ORS 30.275 required:

"Every person who claims damages from a public body for * * * injury within the scope of ORS 30.260 to 30.300 [the Oregon Tort Claims Act] shall cause to be presented * * * written notice * * *. Claims against the State of Oregon shall be presented to the state agency against whom the claim is made or to the Attorney General."

After the amendments, the second sentence read:

"Claims against the State of Oregon or a state * * * employe * * * acting within the scope of his employment or duties shall be presented to the Attorney General." (Underscored words added by amendment.)

omission complained of amounted to malfeasance in office or wilful or wanton neglect of duty, in which case the governing body shall reject defense of the claim." Or Laws 1975, ch 609, § 20(1).

That new section paralleled the language of section 16 for state employees, except that it required the employing local public body rather than the Attorney General to provide a defense and indemnity to that public employer's employee, on the employee's written request made to the local public employer.

Both section 16 and section 20 of the 1975 act limit the public body's duty to its employee to cases arising out of an act or omission in fact "occurring in the performance of duty." Both require the employee to initiate the request for a defense or for indemnity, depending on the outcome of the case. Neither expressly requires the plaintiff to do anything relating to the public employee's eligibility for a defense and indemnity. No notice from the plaintiff is mentioned as a condition of the duty to defend and indemnify. Plaintiffs, or claimants, are not mentioned at all.

From the foregoing summary, it can be seen that there is nothing in the text or context of either of the former statutes or the amendments to them that indicates that the legislature intended to cancel or impair the previously existing right to make claim only against an individual who happened to be a public employee. Defendant's argument that enacting a right of indemnity between an employee and her employer requires that plaintiffs give that employer notice of claims against the employee is, thus, not well taken.

We conclude that the legislature had no intention to grant partial immunity to public employees for their individual torts or to require notice for those torts under the Oregon Tort Claims Act. Granting defendant's motion for summary judgment on the premise that the legislature had that intention was error.[6]

---

[6] ORS 30.265(1), as it was amended by Oregon Laws 1991, chapter 861, section (1), now provides:

"Subject to the limitations of ORS 30.260 to 30.300, every public body is subject to action or suit for its torts and those of its officers, employees and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function or while operating a motor vehicle

The decision of the Court of Appeals is affirmed on different grounds. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

---

in a ridesharing arrangement authorized under ORS 276.598. The sole cause of action for any tort of officers, employees or agents of a public body acting within the scope of their employment or duties and eligible for representation and indemnification under ORS 30.285 or 30.287 shall be an action against the public body only. The remedy provided by ORS 30.260 to 30.300 is exclusive of any other action or suit against any such officer, employee or agent of a public body whose act or omission within the scope of their employment or duties gives rise to the action or suit. No other form of civil action or suit shall be permitted. If an action or suit is filed against an officer, employee or agent of a public body, on appropriate motion the public body shall be substituted as the only defendant."

We express no view as to the meaning or effect of the 1991 version of the statute.