Argued and submitted February 2, reversed and remanded in part; otherwise affirmed May 29, 1996

Joseph A. BERRY,
*Appellant,*

*v.*

STATE OF OREGON,
DEPARTMENT OF GENERAL SERVICES,
*Defendant,*

*and*

Jerry KORSON,
*Respondent.*

(94C-11570; CA A88568)

917 P2d 1070

Mark K. Grider argued the cause and filed the brief for appellant.

Philip Schradle, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiff is a former employee of defendant State of Oregon, Department of General Services. He asserts various claims against the state and against defendant Jerry Korson, a personnel manager with the state, arising from the termination of plaintiff's employment. All of those claims incorporated alternative allegations, (1) that Korson acted within the course and scope of his employment and (2) that Korson acted independently and without authorization, outside the course and scope of his employment. *See* ORCP 16 C. The Attorney General determined, pursuant to ORS 30.285(3), that all of Korson's actions were in the scope of his employment and moved, pursuant to ORS 30.265(1), to substitute the state as the only defendant. The court granted the motion and entered a judgment pursuant to ORCP 67 B dismissing all claims against Korson. Plaintiff appeals that decision; we reverse.[1]

Before the adoption of the Tort Claims Act (the Act), a state employee[2] was subject, with some limitations, to being sued personally for actions taken in the course of state employment. *See Krieger v. Just,* 319 Or 328, 331-32, 876 P2d 754 (1994). During the 1970's the legislature amended the Act to require the state to indemnify and defend its employees from claims arising from their actions or omissions in the course of their employment. *Id.* at 337-39. However, until 1991 it remained possible to sue the employee directly. In that year, the legislature added the following provision to ORS 30.265(1):

"The sole cause of action for any tort of officers, employees or agents of a public body acting within the scope of their employment or duties and eligible for representation and indemnification under ORS 30.285 or 30.287 shall be an action against the public body only. The remedy provided by ORS 30.260 to 30.300 is exclusive of any other action or

---

[1] Because the trial court's rulings did not affect plaintiff's claims against the state, Korson is the only respondent on appeal. The Attorney General represents him pursuant to ORS 30.285.

[2] For the purposes of this case, we do not need to consider the rules concerning actions against nonstate public employees either before or after the adoption of the Act and its various amendments.

suit against any officer, employee or agent of a public body whose act or omission within the scope of their [*sic*] employment or duties gives rise to the action or suit. No other form of civil action or suit shall be permitted. If an action or suit is filed against an officer, employee or agent of a public body, on appropriate motion the public body shall be substituted as the only defendant."

The legislature has thus tied the right to sue a state employee for the employee's torts to whether the employee is entitled to indemnification and a defense from the state. Under ORS 30.285(1) and (2), if the claim arises "out of an alleged act or omission occurring in the performance of duty," the employee is entitled to a defense. In that situation, the state is the only proper defendant. On the other hand, if the claim does *not* arise out of an act or omission in the performance of duty, the employee is not entitled to a defense and is the only proper defendant. The plaintiff would then be limited to a remedy against the employee individually.[3]

The question in this case is how a court should determine the category into which a particular case falls. Aside from providing that the court should substitute the public body as a defendant in place of the employee "on appropriate motion," the legislature gave little guidance on how the court should decide when an action that is nominally against the employee is actually against the state. That decision is particularly difficult when, as here, the plaintiff alleges both situations in the alternative.

■    Korson argues that the Attorney General's determination under ORS 30.285(3) that the employee is entitled to a defense is conclusive on the court:

"If any civil action, suit or proceeding is brought against any state officer, employee or agent which on its face falls within the provisions of subsection (1) of this section, or which the state officer, employee or agent asserts to be based in fact upon an alleged act or omission in the performance of duty, the state officer, employee or agent may,

---

[3] For the purposes of this opinion, we do not need to consider a situation in which the employee acted in the scope of employment but is guilty of malfeasance in office or of willfully or wantonly neglecting the employee's duty. *See* ORS 30.285(2).

after consulting with the Oregon Department of Administrative Services file a written request for counsel with the Attorney General."

Thus, Korson asserts, when the Attorney General determines that the employee acted in the scope of employment and makes a judicial admission to that effect, the court *must* accept that determination and substitute the state as the sole defendant. Because that is what the Attorney General did in this case, Korson asserts that the court properly dismissed all claims against him as an individual.

The problem with Korson's argument is that ORS 30.285 establishes a procedure to resolve issues only *between the employee and the state*. It does not speak to resolving those issues between the employee and the state, on the one hand, and the plaintiff, on the other. The plaintiff plays no role in the Attorney General's decision under ORS 30.285(3) and has no way to challenge it. If Korson's argument were correct and that decision were conclusive, the Attorney General, by an erroneous but unchallengeable decision, could deprive a plaintiff of a substantial remedy against an employee who was not in fact acting in the scope of state employment.[4] There is no discernable state interest in such a result, nor is there any relationship between that result and the purpose of the Act to provide for and regulate state liability for state torts.

As the Supreme Court noted in *Krieger*, ORS 30.285 does not require a plaintiff to do anything concerning the employee's eligibility for a defense and indemnity; it does not even mention plaintiffs as claimants. In *Krieger*, the court expressly held that a plaintiff does not need to give the state notice of claim under ORS 30.275 in order to sue a state employee for an individual tort. It concluded that "the legislature had no intention to grant partial immunity to public employees for their individual torts[.]" 319 Or at 340.[5] Making the Attorney General's decision conclusive on the plaintiff

---

[4] If plaintiff can show that Korson acted outside the scope of his employment, he would be able to recover against Korson as against any other individual, without regard to the Act's limitations on compensatory damages or its prohibition against punitive damages.

[5] The events involved in *Krieger* occurred when ORS 30.285 was in essentially its present form but before the 1991 amendments to ORS 30.265(1). Nothing in those amendments affects the Supreme Court's conclusion that the legislature did

could well grant state employees the very immunity that the legislature did not intend to extend to them.

ORS 30.285 gives an *employee* the right to receive indemnity and a defense and establishes a procedure for the *employee* to enforce that right. If the Attorney General determines under ORS 30.285(3) that the employee is entitled to a defense and indemnity, the employee will receive those things. If, however, the Attorney General rejects the tender of defense, the employee may still establish a right to a defense in a separate proceeding and recover both indemnity against liability and the reasonable costs of defense. ORS 30.285(5). *See, e.g., Samuel v. Frohnmayer*, 82 Or App 375, 728 P2d 97 (1986), *rev den* 303 Or 261 (1987). Thus, the Attorney General's decision that an employee *is not* entitled to coverage is not conclusive on the employee. Nothing in the statute makes a determination that the employee *is* entitled to coverage conclusive on the plaintiff.[6]

Under ORS 30.265(1), the criteria for the court to determine whether the state should be the sole defendant in a case brought against a state employee are found in ORS 30.285. The court, thus, will consider the same issues that the Attorney General considers under ORS 30.285(3), but the Attorney General's decision does not bind the court. The court is to decide those issues "on appropriate motion[.]"[7] Before the court can grant such a motion, however, it must be satisfied that the employee acted in the scope of state employment and, thus, that the plaintiff has no claim against the employee as an individual.

not intend to modify a state employee's liability for torts committed outside the scope of state employment.

[6] Korson relies on the Supreme Court's statement in *Stevenson v. State of Oregon*, 290 Or 3, 13, 619 P2d 247 (1980), that whether the limited exceptions to the state's duty to indemnify and defend a state employee apply is determined by the Attorney General after investigation, not by the allegations of the complaint. That statement refers to the determination of the issue between the employee and the state; it has no reference to the substitution of the state as the sole defendant over the objections of the plaintiff, something that did not become possible until many years after *Stevenson* was decided.

[7] Although the legislature did not identify what motions are appropriate, it necessarily limited the possibilities to existing procedural motions. We therefore also limit our consideration of these motions.

■      Korson argues that, even if the Attorney General's determination does not decide the issue in this case, the state's judicial admission that he acted in the scope of his employment is conclusive that plaintiff's only remedy is against the state. That admission unquestionably binds the state. However, requiring plaintiff and the court to accept it as conclusive would prevent plaintiff from pursuing a possibly meritorious claim against Korson individually. If so, the state may have granted immunity to Korson for his individual torts, which neither the Supreme Court nor we believe to be the legislature's intent. We have already held that the Attorney General's decision under ORS 30.285(3) is not conclusive on either plaintiff or the court; the state's judicial admission is a product of that decision and, for the same reasons, is not conclusive except as to the state.[8]

■      ORS 30.285(3) describes two situations in which a state employee is entitled to indemnity and a defense: (1) when the plaintiff's claims fall within ORS 30.285(1) on the face of the complaint, and (2) when the employee asserts that the claims fall within the statute as a matter of fact. In the first situation, the court could decide the issue on a motion directed to the pleadings. The second situation will require the court to go beyond the pleadings. If there is no genuine issue of relevant facts, the court may resolve the issue on a motion for summary judgment. Otherwise it may be necessary to preserve the issue for trial.

■      By pleading in the alternative, plaintiff has in essence stated two sets of claims, one set against the state and one against Korson as an individual. The court cannot dismiss the claims against Korson as an individual until it is satisfied that there is either no legal or no factual basis for them. In this case, the trial court did not make an independent determination of either of those things. Rather, it granted the motion to substitute the state as the sole defendant primarily because of the Attorney General's determination and the state's judicial admission that Korson was acting in the scope of his employment. Plaintiff, however, had pled facts

---

[8] The state cannot, by admitting one of two alternative allegations, foreclose plaintiff from attempting to prove the other, at least where the other allegation may entitle plaintiff to different relief against a different party.

that might entitle him to recover against Korson individually. The trial court did not, and was not asked to, examine the complaint to determine whether that was a sustainable allegation in light of the other allegations, nor did it have any evidence before it by which it could determine whether there is a factual basis for plaintiff's claims. Because it relied on the Attorney General's conclusion rather than its own review, it erred.

Reversed and remanded on claims against Korson individually; otherwise affirmed.