Submitted on record and briefs November 29, 1996, reversed and remanded
February 12, 1997

## Ronald D. SCHENCK,
*Appellant,*

*v.*

## OREGON TELEVISION, INC.,
dba KPTV 12 Northwest Reports;
Lars Larson; State of Oregon;
Eric W. Valentine; Beverly Penz; and Mary Goebel,
*Respondents.*

(94-10-07049; CA A91533)

934 P2d 480

Ronald D. Schenck filed the briefs *pro se*.

Duane A. Bosworth and Lori Lee Brocker filed the brief for respondents Oregon Television, Inc., and Lars Larson.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Jas. Adams, Assistant Attorney General, filed the brief for respondents State of Oregon, Eric W. Valentine, Beverly Penz and Mary Goebel.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

In this defamation case, plaintiff appeals from a judgment dismissing his claims against defendants Valentine, Penz and Goebel under ORCP 21, and from a summary judgment in favor of Oregon Television, KPTV and Lars Larson (media defendants). ORCP 47. We reverse.

■ Defendants Valentine, Penz and Goebel are either elected public officials or public employees who allegedly made defamatory statements about plaintiff. The trial court dismissed them as individual defendants on the ground that they were not proper defendants under ORS 30.285(3)[1] and substituted the State of Oregon as the sole party defendant. The trial court then dismissed the complaint against the state because of plaintiff's failure to comply with the notice provisions of ORS 30.275(2)(b).[2] The state concedes that

---

[1] ORS 30.285 provides, in part:

"(1) The governing body of any public body shall defend, save harmless and indemnify any of its officers, employees and agents, whether elective or appointive, against any tort claim or demand, whether groundless or otherwise, arising out of an alleged act or omission occurring in the performance of duty.

"(2) The provisions of subsection (1) of this section do not apply in case of malfeasance in office or willful or wanton neglect of duty.

"(3) If any civil action, suit or proceeding is brought against any state officer, employee or agent which on its face falls within the provisions of subsection (1) of this section, or which the state officer, employee or agent asserts to be based in fact upon an alleged act or omission in the performance of duty, the state officer, employee or agent may, after consulting with the Oregon Department of Administrative Services file a written request for counsel with the Attorney General. The Attorney General shall thereupon appear and defend the officer, employee or agent unless after investigation the Attorney General finds that the claim or demand does not arise out of an alleged act or omission occurring in the performance of duty, or that the act or omission complained of amounted to malfeasance in office or willful or wanton neglect of duty, in which case the Attorney General shall reject defense of the claim."

[2] ORS 30.275 provides, in part:

"(1) No action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be maintained unless notice of claim is given as required by this section.

"(2) Notice of claim shall be given within the following applicable period of time * * *:

" * * * * *

"(b) For all other claims, within 180 days after the alleged loss or injury."

removing the individual defendants as party defendants was error because it deprived plaintiff of pursuing the theory that they were not acting in the course and scope of their public duties, thereby negating the requirement of notice under ORS 30.275(2)(b). *Krieger v. Just,* 319 Or 328, 876 P2d 754 (1994); *Berry v. State of Oregon,* 141 Or App 225, 917 P2d 1070 (1996).

In October 1993, media defendants broadcast a television news report in which plaintiff alleges that defamatory statements were made. In March 1994, the same report was rebroadcast. Although he was aware of the October broadcast, plaintiff made no demand for a retraction until April 11, 1994. Plaintiff concedes that he watched the October 1993 broadcast but alleges that he did not know about the March rebroadcast until early April. This action is based on the March broadcast. Plaintiff alleges that on April 11, 1994, he sent media defendants a demand for retraction. Media defendants moved for dismissal, ORCP 21 A(8), on the ground that the complaint did not allege a timely demand for retraction in accordance with ORS 30.160(1). That statute provides:

"(1)   In an action for damages on account of a defamatory statement published or broadcast in a newspaper, magazine, other printed periodical, or by radio, television or motion pictures, the plaintiff shall not recover general damages unless:

"(a)   A correction or retraction is demanded but not published as provided in ORS 30.165; or

"(b)   The plaintiff proves by a preponderance of the evidence that the defendant actually intended to defame the plaintiff."

ORS 30.165 provides, in part:

"(1)   The demand for correction or retraction shall be in writing, signed by the defamed person or the attorney of the person and be delivered to the publisher of the defamatory statement, either personally, by registered mail or by certified mail with return receipt at the publisher's place of business or residence *within 20 days after the defamed person receives actual knowledge of the defamatory statement.* The demand shall specify which statements are false and defamatory and request that they be corrected or retracted.

The demand may also refer to the sources from which the true facts may be ascertained with accuracy.

"(2)  The publisher of the defamatory statement shall have not more than two weeks after receipt of the demand for correction or retraction in which to investigate the demand * * * ." (Emphasis supplied.)

There is no contention that a correction or retraction was made. In support of their motion, media defendants argued to the trial court that ORS 30.165(1) required plaintiff to demand retraction within 20 days of the October 1993 broadcast, even though the action was based on the March 1994 rebroadcast. They reasoned that, because the March 1994 rebroadcast was simply a republication of what had occurred in 1993, there had to be a demand for a retraction under ORS 30.160(1)(a) that was timely to the October broadcast. The trial court agreed with the argument and granted the motion to dismiss. However, in its order, it allowed plaintiff to replead, but only on the alternative ground under ORS 30.160(1)(b). Plaintiff filed a second amended complaint alleging that media defendants intended to defame plaintiff. Media defendants moved for summary judgment on the ground that there was no evidence in the record that would allow an objectively reasonable juror to conclude that media defendants actually intended to defame plaintiff. The court granted the motion and entered a judgment of dismissal.

Plaintiff appeals from the judgment of dismissal and assigns error to the order dismissing his first amended complaint for failure to allege a demand for retraction that was timely under ORS 30.160 and 30.165. He does not assign error to the trial court's ruling on summary judgment that there is no evidence that media defendants intended to defame plaintiff. Rather, he argues that the March 1994 rebroadcast amounted to a new publication of the defamatory statements and that his April 11 demand for retraction was therefore timely made. Media defendants respond that the statute requires a retraction within the prescribed time from the actual knowledge of the *defamatory statements*—not from a later, second, third or fourth publication or broadcast. The issue is whether plaintiff's failure to demand a timely retraction after the October 1993 broadcast prevents him from

bringing a claim for defamation following the March rebroadcast.

The Supreme Court has interpreted ORS 30.155 to ORS 30.175 to require plaintiffs, as a condition precedent to the recovery of general damages, to plead and prove either "[the] defendant's intent to defame or, in the absence of such intent, the failure to retract upon demand." *Holden v. Pioneer Broadcasting Co.*, 228 Or 405, 409, 365 P2d 845 (1961). ORS 30.165 requires that "the demand for correction or retraction shall be [made] * * * within 20 days after the defamed person receives actual knowledge of the defamatory statement." Central to the resolution of this case is the interpretation of the statutory phrase "defamatory statement." This court's task in interpreting a statute is to discern the intent of the legislature. Our first level of inquiry is to examine the text and context of the statute and give it its ordinary meaning. If the legislature's intent is clear from that examination, no further inquiry is necessary. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993).

The gravamen of the tort of defamation is the injury to the plaintiff's reputation caused by a statement communicated to someone other than to the plaintiff. *Shirley v. Freunscht*, 303 Or 234 238, 735 P2d 600 (1987) (citing to *Lowe v. Brown*, 114 Or 426, 433-34, 233 P 272, 235 P 395 (1925); *State v. Mason*, 26 Or 273, 277-78, 38 P 130 (1894), and Prosser and Keeton, *The Law of Torts* 771, § 111 (5th ed 1984)). Under this definition, each publication is a discrete tort, because a new injury could occur upon each publication. There is no suggestion in the language of the statute that the legislature had a different definition for a "defamatory statement" in mind when it enacted the statute. We conclude that an actionable "defamatory statement" within the meaning of ORS 30.160 occurs whenever there is a new communication or publication of the statement. It follows that plaintiff's claim based on the March 1994 publication is discrete from any claim that he could have made as a result of the October 1993 broadcast. Accordingly, plaintiff's failure to comply with ORS 30.165(1)(a) in 1993 does not bar his claim for the publication in 1994. The trial court erred when it ruled to the contrary.

Reversed and remanded.