**Julie M. PILGRIM, Personal Representative of the Estate of Alan J. Pilgrim, deceased., Plaintiff—Appellant,**

v.

**CIGNA PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant—Appellee.**

No. 01–36030.

D.C. No. CV–01–06028–HO.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2003.

Decided April 2, 2003.

Before O'SCANNLAIN, FERNANDEZ and FISHER, Circuit Judges.

## MEMORANDUM *

Julie Pilgrim sued Cigna for breach of contract and declaratory judgment arising from Cigna's failure to pay proceeds from the UM/UIM insurance policy purchased by her late husband Alan's employer. The district court denied Pilgrim's motion for partial summary judgment and granted summary judgment in Cigna's favor on the ground that Alan was "not operating a covered auto at the time of his death." [1] Pilgrim appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

As a preliminary matter, we agree with both Cigna and the district court that Or. Rev.Stat. § 742.500(2)(b) exempts large trucks from compulsory UM/UIM insurance when they are operated by an insured's employee covered by workers' compensation or a similar law. At all other times the same trucks are required to carry UM/UIM coverage. Both the plain meaning of the statutory language and the previous versions of the statute support this reading. *See Krieger v. Just,* 319 Or. 328, 876 P.2d 754 (Or.1994); *PGE v. Bureau of Labor & Indus.,* 317 Or. 606, 859 P.2d 1143, 1145 (Or.1993) (words should be given their "plain, natural and ordinary meaning").

In light of our reading of this statute, we conclude that "covered auto" as described by Code "45" in the policy is ambiguous and we therefore construe it against Cigna. *See St. Paul Fire & Marine Ins. Co.*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The district court also concluded that Alan was also "not covered under the UM policy provisions extending coverage to 'anyone else

"occupying" an "auto" you are operating.' " We do not reach this argument since we conclude that Alan was an insured operating a covered auto at the time of his death. Similarly, we need not consider Pilgrim's argument that the policy is "incomprehensible" under Oregon law.

*v. McCormick & Baxter Creosoting*, 324 Or. 184, 923 P.2d 1200, 1205 (Or.1996); *Hoffman Constr. Co. v. Fred S. James & Co.*, 313 Or. 464, 836 P.2d 703, 706 (Or. 1992) (we resort to this rule only when "two or more plausible interpretations of that term withstand scrutiny, i.e., continue to be reasonable ... [when] examined in the light of, among other things, the particular context in which the term is used in the policy and the broader context of the policy as a whole.").

The policy provides coverage to an "insured," defined to include "[a]nyone ... 'occupying' a covered 'auto.' " If Alan was driving a covered auto, he was an insured. Even assuming that Cigna's suggested interpretation of "covered auto" were a plausible one, we conclude that Pilgrim's interpretation is at least as plausible, if not more so, in both the particular and broad contexts of the policy. Section I, Code "45" designates as covered autos those "owned 'autos' subject to a compulsory uninsured motorists law," and further explains that these covered autos are "[o]nly those 'autos' you own that ... are required to have and cannot reject Uninsured Motorist Coverage." As Cigna itself admits, a large truck such as the one Alan was driving at the time of his death was required to have UM/UIM coverage because at least sometimes it might have been driven or occupied by a person who was not an employee covered by workers' compensation insurance. It was therefore not exempt, *as a truck*, from compulsory uninsured motorists law. Because it was not exempt as a truck, it is a covered auto under the policy; Code "45" defines "covered auto" by the status of the auto, not by the status of the person who happened to be driving the truck at the time of the accident.

Because Pilgrim's interpretation of "covered auto" as described by Code "45" withstands scrutiny at least as much as does Cigna's interpretation, the term is ambiguous and we construe it against Cigna. *See Hoffman*, 836 P.2d at 706. Accordingly, we conclude that Alan was an insured under the policy because he was operating a covered auto at the time of his death. Pilgrim is entitled to a declaratory judgment that Cigna breached its contract by denying coverage. We reverse the grant of summary judgment in Cigna's favor and the denial of Pilgrim's motion for partial summary judgment, and we remand to the district court with instructions that a declaratory judgment be entered in Pilgrim's favor.

**REVERSED and REMANDED.**