DECISION
Plaintiff seeks a partial property tax exemption on his homestead for tax years 2005-06, 2006-07, 2007-08, and 2008-09, for his active military service in connection with the Operation Iraqi Freedom campaign. The matter is before the court on stipulated facts. Moreover, although Defendant felt compelled to deny Plaintiff's exemption application, Defendant's representative "sincere[ly] hope[s] that we can in some way assist him in obtaining the benefit of this exemption." (Def's Ltr at 2, Apr 23, 2008.)
 I. STATEMENT OF FACTS
Plaintiff is an Oregon resident and a member of the Oregon National Guard. He owns a home in Marion County identified in the assessor's records as Account R323061. Plaintiff has been deployed as a Title 10 active duty service member since June 28, 2004, under the Operation Iraqi Freedom campaign. Through a series of amended orders, Plaintiff has served, and will continue to serve, on active duty status through at least October 23, 2008, for a total of 716 consecutive days of service.
Under his initial orders Plaintiff, on June 28, 2004, was ordered to Title 10 active duty commencing July 3, 2004, for a period not to exceed 545 days. Those orders required Plaintiff to report to Fort Bliss, Texas, where, after a period of "mobilization processing," Plaintiff was *Page 2 
deployed to the combat zone in Iraq as part of the country's military campaign in that region. While in Iraq, Plaintiff was injured. As a result, Plaintiff's orders were amended on November 18, 2005, requiring Plaintiff to return to the medical retention center in Tacoma, Washington, "for completion of medical care and treatment." Those orders indicate that Plaintiff was retained on active duty pursuant to Title 10, for a period of 179 days, with an end date of May 13, 2006. A subsequent amendment to Plaintiff's orders, dated March 31, 2006, extended Plaintiff's end date to November 9, 2006. On October 18, 2006, Plaintiff's orders were again amended, requiring Plaintiff to report to Sacramento, California, still on Title10 active duty service, for additional medical care and treatment. Additionally, Plaintiff's end date was extended to May 5, 2007. After a period of evaluation and treatment in California, Plaintiff was returned to Oregon to perform administrative services at the Woodburn Armory. By order dated April 3, 2007, and under the authority of Title 10 of the United States Code, Plaintiff's end date was extended to October 31, 2007. By order dated August 22, 2007, Plaintiff's end date was extended to April 27, 2008. Finally, by order dated March 14, 2008, Plaintiff's end date was extended to October 23, 2008, for a total of 716 consecutive days of Title 10 active duty service.
On March 26, 2008, Plaintiff filed an Oregon Active Duty Military Service Member's Exemption Claim form with the assessor's office, seeking a partial exemption on his property taxes. By letter dated April 4, 2008, the assessor denied Plaintiff's claim for tax years 2005-06 through 2008-09, inclusive. On April 14, 2008, Plaintiff timely appealed Defendant's denial to this court. The issue presented is whether Plaintiff qualifies for the ORS 307.286[1] homestead exemption and, more particularly, whether he meets the service date requirements of that statute. *Page 3 
 II. ANALYSIS
ORS 307.286 provides for an exemption from property taxes of up to $60,000 of the assessed value of a homestead for individuals engaged in certain qualifying active duty military service. The statute at issue is of relatively recent vintage, initially passed by the legislature in 2005, and subsequently amended during the next legislative session in 2007 to rectify certain unintended consequences flowing from the initial legislation. See Or Laws 2005, ch 520, §§ 3-6; Or Laws 2007, ch 604, §§ 1, 3.
The 2005 legislation was enacted as House Bill 2945. Under the 2005 version of the law, members "[p]erforming service * * * for more than 178 consecutive days during the tax year for which the exemption is claimed" qualified for the exemption provided they were "initially ordered to federal active duty on or after January 1, 2005." (Emphasis added.)[2]
For purposes of this case, there were three significant changes to the statute in 2007. First, only one of the 178 consecutive days of service had to fall within the tax year for which the exemption was being claimed. Second, the word "initially" was removed from section 5 of the *Page 4 
2005 Act. As a result, with additions to the statute in bold print and deletions in italics, the relevant portion of law now reads "ORS307.286 applies to qualifying persons [initially] ordered to federal active duty * * * on or after January 1, 2005." Or Laws 2007, ch 604, § 3. Third, the 2007 legislation was made retroactive to the 2005-06 tax year, and authorized a qualifying person to file a claim with the assessor "within 180 days after the effective date of th[e] 2007 Act." Or Laws 2007, ch 604, § 4. The effective date of the act was September 27, 2007, making the deadline for filing the claim for the prior tax years 2005-06, 2006-07, and 2007-08, March 26, 2008.
Plaintiff's exemption application was timely under the 2007 version of the law. Plaintiff also performed service under Title 10 for more than 178 consecutive days and, more importantly, served at least one day during each of the three tax years 2005-06, 2006-07, and 2007-08. Plaintiff's March 26, 2008, application is also timely for the 2008-09 tax year, per ORS 307.289(1).
The only question is whether Plaintiff was "ordered" to federal active duty on or after January 1, 2005. Defendant reluctantly denied Plaintiff's application, based at least in part on the advice of a Department of Revenue exemption specialist, apparently, because Plaintiff was initially ordered to active service prior to January 1, 2005. (Def's Ltr, Apr 23, 2008.)[3] Defendant's April 4, 2008, denial letter states in part: "[p]ursuant to ORS 307.286, only those service members who were initially ordered to federal active duty on or afterJanuary 1, 2005 qualify for this exemption." (Emphasis in original.) *Page 5 
The Defendant submitted copies of Plaintiff's military orders. As discussed above, Plaintiff was "initially" ordered to Title 10 active duty prior to January 1, 2005. However, Plaintiff was subsequently ordered to active duty in different locations after January 1, 2005, with those orders requiring continued service until October 23, 2008.
Under the framework for interpreting a statute set forth in PGE v.Bureau Of Labor and Industries, 317 Or 606, 610-11, 859 P2d 1143 (1993), the court's task is to discern the intent of the legislature by examining the text and context of the statute, without inserting words that have been omitted or omitting words that have been inserted by the legislature. Context includes earlier versions of the same statute.Krieger v. Just, 319 Or 328, 336, 876 P2d 754 (1994) (stating that "[i]n a serially amended statute * * * the wording changes adopted from session to session are a part of context of the present version of the statute being construed.") Here, the court finds it significant that the legislature in 2007 removed the word "initially" from Section 5 of the 2005 Act, thereby expanding the class of persons eligible for the exemption to all qualifying military personnel ordered to federal active duty on or after January 1, 2005, whereas prior to the change one had to have been initially deployed on or after January 1, 2005. Because Plaintiff was ordered to Title 10 active duty on November 18, 2005, March 31, 2006, October 18, 2006, April 3, 2007, August 22, 2007, and March 14, 2008, and otherwise qualifies for the exemption, the court concludes that Defendant erred in denying Plaintiff's exemption application, and that Plaintiff does, in fact, qualify for all the tax years at issue.
 III. CONCLUSION
Based on the above, the court concludes that Plaintiff qualifies for the active duty military service homestead exemption provided in ORS307.286, as amended by the 2007 *Page 6 
legislature, because he was ordered to federal active duty on or after January 1, 2005, and meets the other requirements of the statute. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's request for the ORS307.286 partial property tax exemption for tax years 2005-06, 2006-07, 2007-08, and 2008-09, is granted.
Dated this ___ day of October 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on October 2,2008. The Court filed and entered this document on October 2, 2008.
[1] Unless noted otherwise, all references to the Oregon Revised Statutes (ORS) are to the 2007 edition.
[2] Although not relevant here, the 2005 legislation also required the applicant to have had "a change in status from serving under Title 32 to serving under Title 10 of the United States Code."
The original codification of ORS 307.286 (2005) provided in part as follows:
 "(1) Upon compliance with ORS 307.289, there shall be exempt from taxation up to $60,000 of the assessed value of the homestead of any resident of this state who is:
 "(a) Serving in the Oregon National Guard, military reserve forces or organized militia of any other state or territory of the United States; and
 "(b) Performing service, after a change in status from serving under Title 32 to serving under Title 10 of the United States Code, for more than 178 consecutive days during the tax year for which the exemption is claimed."
 The note following the codification of the statute further provides:
 "Section 5, chapter 520, Oregon Laws 2005, provides:
"Sec 5. Section 3 of this 2005 Act [307.286] applies to qualifying persons initially ordered to federal active duty on or after January 1, 2005, and property for which an exemption is claimed for tax years beginning on or after July 1, 2005."
[3] Defendant's letter stated that, although Plaintiff was initially ordered to active service prior to January 1, 2005, his orders were subsequently amended several times spanning several years and, as a result, "a Department of Revenue decision was requested." The Department of Revenue's advice was that Plaintiff had to be denied for all tax years because he was called to active duty prior to January 1, 2005. *Page 1