Argued and submitted October 23, 1992, reversed and remanded in part; otherwise affirmed February 10, 1993

# SUSITNA LTD.,
an Alaska corporation,
and Lucian Dancaescu,
*Appellants,*

*v.*

# PACIFIC FIRST FEDERAL,
*Respondent.*

(91C-10834; CA A72901)

846 P2d 438

William D. Brandt, Salem, argued the cause for appellants. With him on the briefs was Ferder, Ogdahl, Brandt & Casebeer, Salem.

Mary K. VanderWeele, Portland, argued the cause for respondent. With her on the brief were Barnes H. Ellis, Tracy J. White, and Stoel, Rives, Boley, Jones & Grey, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Plaintiffs, property managers, brought this action for breach of contract, breach of fiduciary duty and intentional infliction of emotional distress. Defendant Pacific First Federal, a bank, moved to dismiss all 3 claims for failure to state ultimate facts sufficient to constitute a claim. ORCP 21A(8). The trial court granted the motion and plaintiffs appeal. We reverse in part.

In reviewing a motion to dismiss for failure to state a claim, we assume the truth of all well-pleaded allegations. *Machunze v. Chemeketa Community College*, 106 Or App 707, 712, 810 P2d 406, *rev den* 312 Or 16 (1991). A pleading survives a motion to dismiss if it contains even vague allegations of all material facts. *Erickson v. Christenson*, 99 Or App 104, 106, 781 P2d 383 (1989), *rev allowed* 309 Or 698 (1990).

Plaintiff Susitna Ltd. is a corporation formed by plaintiff Dancaescu. Susitna borrowed money from defendant's predecessor in interest, American Federal. The loan was secured by "Tudor Park," a mall owned by Susitna. Susitna defaulted on the loan and American Federal accepted a deed to the mall in lieu of foreclosure. At the same time, Susitna and American Federal signed a contract, whereby Dancaescu would manage the mall and receive monthly payments and, if the mall was sold for more than $6 million, a percentage of the sale price. The agreement provided that American Federal had absolute discretion to sell or retain the mall. A sale for more than $6 million was pending when defendant succeeded to the interests of American Federal. Defendant refused to close the sale. If the sale had been completed, the contract would have obligated defendant to pay plaintiffs $1.4 million from the sale proceeds.

Plaintiffs allege a breach of contract on the basis of defendant's refusal to market the mall. They argue that the duty to market was either implied by the contract or was established by extrinsic evidence. As evidence of that duty, plaintiffs ask us to consider the circumstances surrounding the execution of the agreement, specifically, plaintiffs' alleged lack of incentive to enter an agreement where defendant had

no duty to market the property.[1] However, if the language of a written contract is unambiguous, we will not consider extrinsic evidence. ORS 41.740. The agreement reads, in part, "American Federal shall have the right, but not the obligation, to market the Tudor Park property * * * all at American Federal's sole and absolute discretion." That language is clear, and it does not require defendant to market the property.

■ ■    Plaintiffs next argue that defendant breached the agreement's implied duty of good faith and fair dealing by failing to close the sale for the improper purpose of defeating plaintiffs' expectancy under the agreement. Every contract includes an implied term of good faith and fair dealing. *Best v. U.S. National Bank*, 303 Or 557, 561, 739 P2d 554 (1987). An action may be maintained, and damages awarded, for breach of that duty. 303 Or at 561. In *Best,* the court used the good faith doctrine to effectuate the reasonable expectations of the parties.

> "When one party to a contract is given discretion in the performance of some aspect of the contract, the parties ordinarily contemplate that the discretion will be exercised for particular purposes. If the discretion is exercised for purposes not contemplated by the parties, the party exercising discretion has performed in bad faith." 303 Or at 563.

Plaintiffs allege that a bad faith desire to deprive plaintiffs of a share in the sale proceeds motivated defendant's exercise of its discretion to cancel the sale. That allegation is sufficient to state a claim for breach of contract. The motion to dismiss should not have been granted on that claim.

■    Plaintiffs next allege that defendant tortiously breached its fiduciary duty when it refused to close the sale. Oregon recognizes tort claims arising out of a contract if the defendant assumes a position, relationship or status upon which the law predicates a duty independent of the contract. *Georgetown Realty v. The Home Ins. Co.*, 313 Or 97, 104, 831 P2d 7 (1992). As alleged, Pacific First's obligations were those

---

[1] Plaintiffs do not allege that defendant overreached or that the contract was void for lack of mutuality.

of the ordinary party to an arm's length business transaction. That does not give rise to a fiduciary duty.

■ ■     Plaintiffs also allege that a fiduciary duty arose because the parties were either partners or joint venturers. If they were, defendant would owe plaintiffs a fiduciary duty. ORS 68.340(1). ORS 68.110 defines a partnership as "an association of two or more persons to carry on as co-owners a business for profit." Plaintiffs allege that the property was jointly owned, and that the parties intended to share profits. However, the agreement, which was incorporated by reference into the pleadings, refutes any allegation of joint ownership.[2] Furthermore, there was no profit-sharing provision in the agreement, merely an agreement to share gross returns if the mall sold for more than $6 million. An agreement to share gross returns does not of itself establish a partnership. ORS 68.120(3). Plaintiffs allege no other facts that would support a finding of partnership, such as an express agreement or an agreement to share losses or to exert joint control over the business. *See Stone-Fox, Inc. v. Vandehey Development Co.*, 290 Or 779, 626 P2d 1365 (1981). That the parties were joint venturers is not adequately alleged in the pleadings.[3] The claim for breach of a fiduciary duty was properly dismissed.

■     Plaintiffs' final claim is for intentional infliction of emotional distress. The claim alleges that defendant's failure to sell the mall subjected plaintiff Dancaescu to scorn and ridicule and caused him to suffer a litany of physical and emotional complaints. Plaintiffs allege no facts beyond an intentional breach of the agreement that would support a claim for intentional infliction of emotional distress. "Intentional breach of contract, without more, is not the 'extraordinary transgression of contemporary standards of civilized conduct' contemplated by an action for outrageous conduct." *McWhorter v. First Interstate Bank*, 67 Or App 435, 440, 678 P2d 766, *rev den* 297 Or 272 (1984). The trial court did not err in dismissing the third claim.

---

[2] The agreement provides that plaintiffs have no "security, equity, or recordable interest" in the property "at any time or for any reason."

[3] A joint venture is a partnership for a single transaction. Partnership law controls joint ventures. *Dority v. Driesel*, 75 Or App 180, 183, 706 P2d 995 (1985).

Reversed and remanded on the claim for breach of implied duty of good faith and fair dealing; otherwise affirmed.