Argued and submitted October 2, 1995, reversed and remanded in part; otherwise
affirmed November 20, 1996

Michael SLOVER,
*Appellant,*

*v.*

OREGON STATE BOARD OF
CLINICAL SOCIAL WORKERS,
an Oregon Board;
Carol Ormiston; Ronni Batterman;
Linda K. Frost; Greg Smith; Agnes Sowle;
Doris R. Reynolds; Mark F. Oldham
and Elizabeth A. Buys,
*Respondents.*

(9309-04549; CA A84071)

927 P2d 1098

566

Jossi Davidson argued the cause and filed the briefs for appellant.

Jas. Adams, Assistant Attorney General, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Plaintiff appeals from a judgment dismissing his amended complaint for failure to state ultimate facts sufficient to constitute a claim. ORCP 21 A(8). Plaintiff is a licensed clinical social worker. He contends that he properly pleaded six claims against the Oregon State Board of Clinical Social Workers (the Board) and its members and administrators. Assuming that facts alleged in plaintiff's complaint are true, *Glubka v. Long*, 115 Or App 236, 238, 837 P2d 553 (1992), we review to determine whether those facts state a claim. *Hansen v. Anderson*, 113 Or App 216, 218, 831 P2d 717 (1992). We affirm in part and reverse in part.

The Board began a disciplinary proceeding against plaintiff in 1991 for allegedly grossly negligent and unethical conduct. Plaintiff disputed the Board's accusations. He and the Board then entered into a stipulated order in which plaintiff agreed to certain limitations on his practice and the Board agreed to dismiss the disciplinary proceeding with prejudice. Plaintiff alleges that he and the Board also entered into an oral agreement under which the Board agreed to dismiss the proceeding without making any official or unofficial finding that plaintiff had engaged in any wrongdoing.

The complaint alleges that, after entering into those agreements, the Board and its individual members and administrators (defendants) caused a newsletter for clinical social workers in Oregon to publish two articles about plaintiff. The two articles were on the same page of the newsletter, and the complaint alleges that both referred to plaintiff.[1] The

---

[1] The first article, entitled "A Dubious Therapeutic Technique," stated:

"The Board has also received complaints in the area of what could best be described as highly questionable techniques or exercises in the therapeutic relationship. Recently, the Board had to deal with two complaints, both involving adolescent males and an LCSW utilizing what was characterized as 'regressive therapy.' In both cases, the adolescent boys were encouraged to 'nurse' the therapist. The male therapist had donned a female wig and placed two Nerf balls under his shirt to simulate breasts. In one instance, this activity occurred at the first group therapy session attended by the boy and in the other case within the first several sessions. The Board, in investigating these complaints via interviews and formal depositions, concluded this activity had a detrimental effect on the boys, was counter therapeutic, and constituted inappropriate clinical practice.

publication of the articles allegedly caused plaintiff embarrassment, humiliation and harm to his reputation.

Plaintiff alleged claims for defamation, false light, breach of contract, breach of a special duty and violation of his civil rights. The trial court granted defendants' motion to dismiss all of the claims. We reverse and remand the dismissal of plaintiff's defamation and false light claims against all defendants and his contract claim against the Board. We affirm the dismissal of plaintiff's other claims.

■ ■ Plaintiff first assigns error to the trial court's dismissal of his defamation and false light claims. Defendants argue that plaintiff's defamation claim fails because defendants' statements were merely statements of opinion that could not be understood to be defamatory. A statement of opinion can be actionable, however, if "the recipients could reasonably have concluded that [the statement] was based on undisclosed defamatory facts." *Bock v. Zittenfield*, 66 Or App 97, 102, 672 P2d 1237 (1983), *rev den* 296 Or 486 (1984). Whether a statement is a statement of opinion or one of fact is a question of law. *Id.*

■ Plaintiff's amended complaint alleges that the statements that "[p]laintiff engaged in 'A Dubious Therapeutic Technique,' and [in] 'highly questionable techniques or exercises' involving adolescent boys" are defamatory. Those statements certainly convey the Board's opinion about the value of

---

"The State Board takes its mandates of consumer protection and regulating social work practice seriously. The Board is willing to investigate complaints and to take positions that will help insure the practice of quality clinical social work in the state. The Board hopes that communicating these concerns to clinical social workers, will heighten practitioner awareness and head off potential practice problems before they reach the Board as actual complaints."

On the same page, a second article, entitled "Report of Recent Disciplinary Actions by the State Board of Clinical Social Workers," stated:

"Michael Slover, MSW (LCSW #0014)

"Stipulated Agreement resolved the proposed revocation of his license for violation of OAR 877-30-005(2)(a) and (e) regarding professional incompetence and failure to provide informed consent to parents regarding inappropriate regressive therapy techniques. Mr. Slover agreed to not practice clinical social work with clients under the age of 18 and to enter a two-year supervision program. The agreement is not an admission of wrongdoing on the part of Mr. Slover."

the therapeutic techniques employed by plaintiff. The statements could be understood to be based, however, on undisclosed defamatory facts about the techniques and their effect on the boys. Although the article goes on to describe some aspects of the disputed techniques, that disclosure does not preclude a jury from concluding that the opinion is based on undisclosed defamatory facts.

■ The other statement identified by plaintiff as defamatory is a statement of fact, not opinion. Plaintiff alleged that the newsletter article suggested that "[p]laintiff was found by the Board to have engaged in activities that 'had a detrimental effect' on his patients, [were] 'counter therapeutic,' and 'constituted inappropriate clinical practice.'" The statement about the nature and effect of plaintiff's therapeutic activities reads as a statement of fact, not mere opinion, about those activities.

■ We next must determine whether, as a matter of law, the statements can be understood to be defamatory. *Beecher v. Montgomery Ward & Co.*, 267 Or 496, 500, 517 P2d 667 (1973). We conclude that they can be.

> "A statement falsely ascribing to a person characteristics or conduct that would adversely affect his fitness for his occupation or profession is capable of having a defamatory meaning."

*Bock*, 66 Or App at 100 (statements that news reporter was terminated for "unsatisfactory coverage" and because "he simply didn't perform his job" could be defamatory). Here, the statements related to plaintiff's professional performance and were conveyed to other members of his profession in Oregon. They involved conduct that could lead people to question plaintiff's fitness to be a clinical social worker and that could harm his professional reputation. Thus, the statements could be understood to be defamatory, and it was error for the trial court to dismiss the defamation claim as to them.[2]

---

[2] Defendants argue for the first time on appeal that they had an absolute privilege to make the statements at issue in this case. For these purposes, absolute privilege "is available to a defendant only if he publishes the defamatory matter in the performance of his official duties." *Shearer v. Lambert*, 274 Or 449, 455, 547 P2d 98 (1976). It is an affirmative defense to an action and, unless the privilege is

■ ·    Defendants argued below that plaintiff's false light claim should be dismissed because it is duplicative of plaintiff's defamation claim. They do not address the claim on appeal. Defendants can be liable for both false light and defamation for the same conduct. *See Magenis v. Fisher Broadcasting, Inc.*, 103 Or App 555, 559, 798 P2d 1106 (1990). The two claims, though similar, address different concerns: false light addresses invasion of privacy while defamation addresses damage to reputation. *Id.* at 558. Thus, it was error to dismiss the false light claim on the ground asserted by defendants.

Plaintiff next assigns error to the trial court's dismissal of his breach of contract claim. Plaintiff's amended complaint alleged a claim for breach of an express term of the alleged oral contract between plaintiff and the Board and for breach of the implied covenant of good faith and fair dealing in that contract. To state a claim for breach of contract, plaintiff must allege the existence of a contract, "its relevant terms, plaintiff's full performance and lack of breach and defendant's breach resulting in damage to plaintiff." *Fleming v. Kids and Kin Head Start*, 71 Or App 718, 721, 693 P2d 1363 (1985); *see also Chaney v. Shell Oil Co.*, 111 Or App 556, 567, 827 P2d 196 (1991), *rev den* 313 Or 299 (1992) (complaint need only allege the existence of agreement and breach

plain from the face of the complaint, we cannot consider it at this time. The complaint specifically alleges that the "[t]he publication of the statements at issue was outside the realm of any of the [d]efendants' official duties." If true, that allegation defeats the claim of absolute privilege. Thus, absolute privilege is not a ground on which to uphold the dismissal of plaintiff's defamation claim.

Defendants dispute that conclusion, however, arguing that the Attorney General's decision to appear on behalf of the individual defendants in this action conclusively establishes that they acted in the course of their employment. *See* ORS 30.265; ORS 30.285. We rejected a related argument in *Berry v. Dept. of General Services*, 141 Or App 225, 917 P2d 1070 (1996), and we adhere to that decision in rejecting defendants' argument, here.

Defendants also argue that we should affirm the dismissal of the defamation claim because a statement in one of the articles, which is incorporated in plaintiff's complaint, negates an essential allegation in the complaint. That statement is that plaintiff's agreement to the stipulated order did not constitute "an admission of wrongdoing on the part of" plaintiff. Defendants reason that that statement precludes a jury finding that the Board had found that plaintiff had engaged in wrongdoing, as alleged in plaintiff's complaint. We disagree. The Board was free to conclude that plaintiff had engaged in wrongdoing without regard to whether plaintiff admitted it. That plaintiff was unwilling to admit to wrongdoing would not prevent the Board from acting on its conclusion that he had.

to survive ORCP 21 A(8) motion). A claim will survive a motion to dismiss if the complaint "contains even vague allegations of all material facts." *Susitna Ltd. v. Pacific First Federal*, 118 Or App 126, 128, 846 P2d 438 (1993).

■ ■ Plaintiff's complaint alleges enough to survive a motion to dismiss his breach of contract claim. Plaintiff alleges that he and the Board entered into an oral agreement. The amended complaint outlines the terms of that agreement[3] and alleges that plaintiff complied with all of its conditions. One of the alleged terms is that the Board "agreed to dismiss the Amended Notice without making any official or unofficial finding that [p]laintiff had engaged in any wrongdoing." Plaintiff alleges that defendants "breached the express terms of the agreement by publishing the article," because the article "suggested that [the Board] had determined in an official proceeding that [p]laintiff had in fact engaged in the conduct alleged, and that the conduct had the bad characteristics set forth." Thus, plaintiff alleges that there was an agreement and that the Board breached it. He alleges, in turn, that the breach damaged his reputation. Therefore, the amended complaint sets out all of the elements of a claim for breach of an express contract.[4] As alleged

---

[3] Paragraph 14 of plaintiff's amended complaint alleges:

"On or about May 29, 1992, Plaintiff and defendant Board, acting through their attorneys, entered into an oral contract. The terms of the contract were that Plaintiff would drop his opposition to Defendant's Amended Notice and the procedure being followed by Defendants, would not demand a hearing or assert any other of his statutory and constitutional rights, and would consent to imposition of certain restrictions on his practice and other requirements. Defendants agreed to dismiss the Amended Notice without making any official or unofficial finding that Plaintiff had engaged in any wrongdoing. The contract was a settlement of a claim of disputed validity, understood by all parties to have been agreed upon to minimize publicity, damage to plaintiff's reputation, financial expense and emotional distress."

[4] As an alternative basis for affirmance, defendants argue that the alleged oral contract is unenforceable because it violates the statute of frauds, which bars agreements that cannot be performed in one year. ORS 41.580. One of the terms of the alleged oral agreement was that plaintiff "would consent to imposition of certain restrictions on his practice and other requirements." Defendants argue that the alleged oral agreement could not be performed within one year because one of the requirements to which plaintiff consented was two years of training and supervision. We disagree. The oral agreement obligated plaintiff to consent to entry of a stipulated order that imposed restrictions on his license. He fulfilled that obligation by executing the stipulated order. The requirements imposed by the stipulated order are not, themselves, part of the oral agreement. If plaintiff failed to comply with those requirements, he would violate the stipulated order and be subject to

in the amended complaint, however, the contract was only with the Board and not with the individual defendants. Consequently, the court erred only in dismissing the claim against the Board.

Plaintiff also argues that his amended complaint stated all elements of a claim that the Board breached its contractual duty of good faith and fair dealing. Every contract contains an implied covenant of good faith and fair dealing. *Uptown Heights Associates v. Seafirst Corp.*, 320 Or 638, 645, 891 P2d 639 (1995). The implied covenant serves to protect the objectively reasonable contractual expectations of the parties. *Id.* When a party engages in conduct that violates those expectations, it breaches the covenant.

■ Here, plaintiff alleged an oral contract. An alleged term of that contract was that the Board would not make "any official or unofficial finding that [p]laintiff had engaged in any wrongdoing." The complaint alleges that each party understood that a purpose of the agreement was "to minimize publicity, damage to plaintiff's reputation, financial expense and emotional distress." If a jury found those facts to be true, it could also find that plaintiff had a reasonable contractual expectation that the Board would not publicize the agreement or its circumstances.

Plaintiff's amended complaint alleges that the Board breached the implied covenant by publishing the articles about plaintiff. The complaint alleges that the articles "suggest[ed] the existence of facts * * * that had never been determined," gave "wide publicity to the unproven allegations against [p]laintiff," and unnecessarily and inaccurately described plaintiff's situation in the " 'Michael Slover' section of the article." It alleges, as a result, that the Board harmed plaintiff's reputation. Thus, plaintiff's amended complaint sets out the material elements of a claim for breach of the

discipline. That failure would not, however, be a breach of the oral agreement. Plaintiff could consent to entry of the stipulated order within a year of entering into the oral agreement with the Board, as he did. Nothing in the amended complaint indicates that the other terms of the oral agreement could not also be performed within a year. Therefore, the statute of frauds does not bar the agreement. *Kaiser Foundation Health Plan v. Doe*, 136 Or App 566, 578, 903 P2d 375 (1995), *adhered to as modified* 138 Or App 428, 908 P2d 850 (1996).

implied covenant of good faith and fair dealing, and the court erred in dismissing that claim as to the Board.

Plaintiff next assigns error to the trial court's dismissal of his claims for negligent and intentional breach of duties that allegedly arose from a special relationship between plaintiff and defendants. A threshold requirement of those claims is the existence of a special relationship. While plaintiff's amended complaint alleges that "[d]efendants were in a special, fiduciary-type relationship with plaintiff," that relationship did not exist as a matter of law.

The relationship between plaintiff and defendants is based on statute. Unless the applicable statutes so provide, a regulatory body does not have a fiduciary relationship with those whom it regulates. Here, the statutes require the Board to license and regulate social workers in Oregon, but there is nothing in the statutes that creates a fiduciary relationship between the Board and its licensees. *See* ORS 675.510 to 675.600. It follows that the trial court did not err in dismissing plaintiff's claims for negligent and intentional breach of a special duty.

Plaintiff's final assignment of error relates to the trial court's dismissal of his claim under 42 USC § 1983. Plaintiff did not plead facts sufficient to establish a violation of any right that could give rise to liability under that statute. Therefore, the trial court properly dismissed plaintiff's section 1983 claim.

In summary, we reverse and remand plaintiff's defamation and false light claims against defendants and his contract claim against the Board. We affirm the dismissal of plaintiff's other claims.

Reversed and remanded on defamation and false light claims and on contract claim against Board; otherwise affirmed.