**B.J. JONES, Plaintiff—Appellant,**

v.

**Don MEIER;  et al., Defendants—
Appellees.**

No. 03–35274.
D.C. No. CV–02–06271–ALA.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 15, 2003.*

Decided Sept. 22, 2003.

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).

B.J. Jones, Harrisburg, OR, pro se.

Robert E. Franz, Springfield, OR, Jeffrey E. Potter, Gardner, Honsowetz, Potter, Budge & Ford, Robert D. Lowry, Eugene, OR, for Defendants–Appellees.

Before B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

### MEMORANDUM**

B.J. Jones appeals pro se the district court's summary judgment in favor of defendants in his action alleging that defendant City of Reedsport ("the City") and its employees and contractors violated 42 U.S.C. § 1983 and Oregon law by turning off the power in a building he owned. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir.1996), and we affirm.

■ The district court properly granted summary judgment in favor of the City on Jones's constitutional claims, because Jones failed to allege the City had a policy to deprive him of his constitutional rights, and the City's evidence showed that there was no such policy. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

■ The district court properly granted summary judgment in favor of city employees and contractors on Jones's due process claim, because the record shows Jones sought Oregon administrative remedies, which were adequate to protect his procedural due process rights. *See Brogan v. San Mateo County*, 901 F.2d 762, 764 (9th Cir.1990). Accordingly, it is unnecessary to consider Jones's contention that he had a constitutionally protected property interest.

■ The district court also properly granted summary judgment on Jones's conspiracy claim, because there is no evidence that the defendants conspired to deprive Jones of his constitutional rights because of a discriminatory animus. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268–69, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993).

■ The district court also properly granted summary judgment on Jones's state law emotional distress claim, *see Hammond. v. Central Lane Communications Ctr.*, 312 Or. 17, 816 P.2d 593, 598–99 (1991) (en banc), because the evidence does not show a special relationship existed between Jones and the defendants, *see Slover v. Or. State Bd. of Clinical Soc. Workers*, 144 Or.App. 565, 927 P.2d 1098, 1103 (1996) ("Unless the applicable statutes so provide, a regulatory body does not have a fiduciary relationship with those whom it regulates").

Finally, the statements in the August 27, 2002 letter are privileged, because they were reviewed by building inspectors in determining whether to grant Jones's electrical permit. *See Moore v. West Lawn Mem'l Park, Inc.*, 266 Or. 244, 512 P.2d 1344, 1346–47 (1973) (en banc). Accordingly, the district court properly granted summary judgment on Jones's state law claim for defamation.

Contrary to Jones's contention on appeal, he is not entitled to a jury trial. *See Etalook v. Exxon Pipeline Co.*, 831 F.2d 1440, 1447 (9th Cir.1987).

Jones's remaining contentions lack merit.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.