**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 14 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JON CHARLES BEYER; SHELLEY
BEYER,

Plaintiffs-Appellants,

v.

BANK OF AMERICA, N.A.; et al.,

Defendants-Appellees.

No.    15-35586

D.C. No. 3:10-cv-00523-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

Submitted August 9, 2017[**]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Jon Charles Beyer and Shelley Beyer appeal pro se from the district court's

judgment dismissing their diversity action arising from foreclosure proceedings

and denying them leave to amend.  We have jurisdiction pursuant to 28 U.S.C. §

1291.  We review de novo a dismissal for lack of subject matter jurisdiction.  *Chen*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. Allstate Ins. Co.*, 819 F.3d 1136, 1141 (9th Cir. 2016).  We affirm.

The district court properly dismissed as moot the Beyers' claims arising from appellees' non-judicial foreclosure, because, as appellees concede, no foreclosure proceedings are currently pending against the Beyers' home.  *See* Or. Rev. Stat. § 86.782(2)(a) (nonjudicial foreclosure sale may be postponed for not more than 180 days); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (to qualify as a case fit for federal court adjudication, an actual controversy must be extant at all stages of review).

Contrary to the Beyers' contention, the Beyers do not state a claim for damages in connection with the September 24, 2010 notice of default.  *See* *Georgetown Realty, Inc. v. Home Ins. Co.*, 831 P.2d 7, 12 (Or. 1992) (en banc) ("If the plaintiff's claim is based solely on a breach of a provision in the contract, which itself spells out the party's obligation, then the remedy normally will be only in contract . . . ."); *MacLean & Assoc., Inc. v. Am. Guar. Life Ins. Co.*, 736 P.2d 586, 592 (Or. Ct. App. 1987) ("In order to recover damages for breach of contract, the party seeking to recover must prove that it has substantially performed its own obligations under the contract." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying the Beyers leave to amend their first amended complaint because amendment would be futile.  *See* *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011)

(setting forth standard of review); *Uptown Heights Assoc. Ltd. P'ship v. Seafirst Corp.*, 891 P.2d 639, 647 (Or. 1995) (en banc) (elements of tortious interference with economic relations); *Webb v. Clark*, 546 P.2d 1078, 1080 (Or. 1976) (en banc) (elements of actionable fraud); *Slover v. Or. State Bd. of Clinical Soc. Workers*, 927 P.2d 1098, 1101 (Or. Ct. App. 1996) (elements of breach of contract).

We do not consider claims raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**