NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THE LANCE AND LINDA NEIBAUER JOINT TRUST, an Oregon Trust, by and through Lance Neibauer, as Trustee, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> MICHAEL J. KURGAN, an individual, <br><br> Defendant-Appellant. | Nos. 15-35050 <br> 16-35201 <br><br> D.C. No. 6:14-cv-01192-MC <br><br> MEMORANDUM[*] |

Appeals from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted August 9, 2017[**]

Before: SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Michael J. Kurgan appeals pro se from the district court's grant of summary

judgment for The Lance and Linda Neibauer Joint Trust ("Trust") in its diversity

action alleging breach of contract and intentional interference with contract.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes these cases are suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Kurgan also appeals from the post-judgment order awarding fees and costs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) (personal jurisdiction); *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009) (summary judgment). We may affirm on any ground supported by the record. *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1030 (9th Cir. 2004). We affirm.

**Appeal No. 15-35050**

Personal jurisdiction over Kurgan in Oregon was proper because Kurgan purposefully availed himself of the privilege of conducting activities in Oregon and the claims arise out of Kurgan's Oregon-related activities. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802-803 (9th Cir. 2004) (three-part test for minimum contacts); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (jurisdiction is proper where it is the actions of the defendant that create a substantial connection with the forum state).

The district court did not abuse its discretion in denying Kurgan's motion to transfer venue under 28 U.S.C. § 1406(a) because a substantial part of the events giving rise to the claim occurred in the District of Oregon. *See Costlow v. Weeks*,

790 F.2d 1486, 1488 (9th Cir. 1986) (transfer of venue is proper only in cases where it is in the interests of justice); *Central Valley Typographical Union No. 46 v. McClatchy Newspapers*, 762 F.2d 741, 745 (9th Cir. 1985) (standard of review).

The district court properly granted summary judgment to the Trust on its breach of contract claim because Kurgan failed to raise a genuine dispute of material fact as to whether he complied with the unambiguous terms of the contract. *See Slover v. Or. State Bd. of Clinical Soc. Workers*, 927 P.2d 1098, 1101-02 (Or. App. 1996) (elements of breach of contract).

The district court properly granted summary judgment to the Trust on their intentional interference with contract claim because Kurgan failed to raise a genuine dispute of material fact as to whether he did not use improper means to interfere with a business relationship and whether the Trust did not incur damages as a result. *See Buckner v. Home Depot U.S.A., Inc.*, 71 P.3d 150, 152 (Or. App. 2003) (elements of intentional interference with contract).

The district court properly denied Kurgan's special motion to strike under Oregon's anti-SLAPP statute because Kurgan did not make a prima facie case that his statements were made in the connection with a judicial proceeding. *See Schwern v. Plunkett*, 845 F.3d 1241, 1245 (9th Cir. 2017) (analysis under Oregon

15-35050

anti-SLAPP statute); *see also* Or. Rev. Stat. § 31.150(3).

The district court did not clearly err in awarding $26,422 in damages to the Trust for its intentional interference with contract claim. *See Simeonoff v. Hiner*, 249 F.3d 883, 893 (9th Cir. 2001) (standard of review); *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 710 (9th Cir. 1990) (this court will not disturb an award of damages unless it is clearly unsupported by the evidence or it shocks the conscience).

**Appeal No. 16-35201**

The district court did not abuse its discretion in awarding fees and costs to the Trust because Kurgan's failure to respond to discovery requests was not substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A) (district court must require the party whose conduct necessitated a successful motion to compel to pay reasonable expenses, including attorney's fees, unless the party's nondisclosure was substantially justified); *Patelco Credit Union v. Sahni*, 262 F.3d 897, 912-13 (9th Cir. 2001) (standard of review).

We reject as without merit Kurgan's argument that the district court deprived him of an opportunity to conduct discovery.

We do not consider allegations raised for the first time on appeal. *See*

4                                                                    15-35050

*Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

**AFFIRMED.**