**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEIF HANSEN, on behalf of himself and all others similarly situated,

Plaintiff-Appellant,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Maryland corporation,

Defendant-Appellee.

No. 18-35383

D.C. No. 3:17-cv-01986-MO

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted May 13, 2019
Portland, Oregon

Before: N.R. SMITH, WATFORD, and R. NELSON, Circuit Judges.

Appellant Leif Hansen appeals the district court's dismissal of his claims for

breach of contract and breach of the implied covenant of good faith and fair

dealing against his car insurer, Government Employees Insurance Company

("GEICO"). Hansen argues that GEICO was required to pay for electronic

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

diagnostic scans to ensure that there was no latent damage to his truck after a collision caused damage to his rear bumper. We review the district court's grant of GEICO's motion to dismiss de novo. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030 (9th Cir. 2008). We reverse and remand.

1.      We reverse the district court's dismissal with prejudice of Hansen's breach of contract claim and remand. Under Oregon law, to "state a claim for breach of contract, [a] plaintiff must allege the existence of a contract, its relevant terms, plaintiff's full performance and lack of breach and defendant's breach resulting in damage to plaintiff." *Slover v. Or. State Bd. of Clinical Soc. Workers*, 927 P.2d 1098, 1101 (Or. Ct. App. 1996) (internal quotation marks omitted).

First, we find Hansen has not sufficiently pled that GEICO breached the terms of the policy. Hansen's complaint alleges that Hansen's policy covers "collision loss," defined as "direct and accidental loss of or damage to . . . an insured auto, including its equipment." Hansen alleges this contractual language creates a duty to pay for necessary pre-and post-repair diagnostic tests (which cost about $100 each). Under the policy, however, GEICO's liability is limited to paying costs of the "loss of" or "damage to" the vehicle, as measured by the cost of repair. To be sure, a diagnostic scan might be covered if it is part of the process of "restor[ing] plaintiff's vehicle to its preloss physical condition." *Gonzales v. Farmers Ins. Co. of Or.*, 196 P.3d 1, 7 (Or. 2008) (defining "repair" under Oregon

2

law).  However, Hansen has not made the necessary allegations that GEICO

breached its obligation to pay under the policy.

Second, we find that Hansen has not properly pled damages.  "Damage is an

essential element of any breach of contract action." *Moini v. Hewes*, 763 P.2d 414,

417 (Or. Ct. App. 1988).  Here, Hansen only alleged his truck is "at risk for having

undetected repairs and being unsafe to drive."  Hansen has not alleged any

indication, either from the car's internal mechanism or a body shop mechanic's

recommendation, that the diagnostic scan would reveal further damage to the car

resulting from the collision.  In other words, Hansen has not identified anything

broken that needs to be repaired.  Nor has Hansen alleged that he paid for the scans

himself.

As a result of these two deficiencies, the district court did not err in

dismissing the breach of contract claim based on the current pleadings.  However,

we have made clear that district courts commit reversible error by dismissing a suit

without any chance to amend, even if no request has been made, unless the district

court determines additional facts could not possibly cure the deficiency.  *Hoang v.*

*Bank of Am., N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018).  Accordingly, the district

court erred in dismissing the breach of contract claim with prejudice and we

remand to allow Hansen to amend.

2.      We reverse the district court's dismissal of Hansen's claim for breach of the implied covenant of good faith and fair dealing. "A party may violate its duty of good faith and fair dealing without also breaching the express provisions of a contract." *Klamath Off-Project Water Users, Inc. v. Pacificorp*, 240 P.3d 94, 101 (Or. Ct. App. 2010) (internal quotation marks omitted). "[T]he dispositive question in this case is whether it is appropriate to imply a duty . . . in order to effectuate the parties' objectively reasonable expectations regarding the . . . agreement." *Id.*

The district court erred, because the contract does not expressly state how the parties must determine the loss to the vehicle. Hansen has sufficiently pled that the industry standards and practices—here, the manufacturer's recommendation that diagnostic scans be run every time the particular truck model at issue is involved in a collision—effectuated a potentially reasonable contractual expectation that GEICO would cover the cost of diagnostic scans in these circumstances. Nor do the exclusions on liability make it unreasonable to expect that the cost of a diagnostic scan, when necessary for repair, would be included in the cost of a repair. In fact, GEICO conceded that in some cases, it will reimburse for the cost of performing diagnostic tests. *See Best v. U.S. Nat'l Bank of Or.*, 739 P.2d 554, 558–59 (Or. 1987) (determining whether bank exercised its discretion in

4

accordance with reasonable expectations of the parties is a question of fact precluding summary judgment).

**REVERSED and REMANDED.**