**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ALAN L. GALLAGHER, Attorney, | No. 21-35188 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-01342-JR |
| v. | |
| CAPELLA EDUCATION COMPANY; CAPELLA UNIVERSITY, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Submitted December 9, 2021**
Seattle, Washington

Before: McKEOWN and BADE, Circuit Judges, and FITZWATER,*** District Judge.

Plaintiff Alan L. Gallagher ("Gallagher"), proceeding *pro se*, appeals the district

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

court's judgment dismissing his action against defendants Capella Education Company and Capella University, Inc. (collectively, "Capella") under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted. We have jurisdiction, 28 U.S.C. § 1291, and affirm.

We review the district court's dismissal for failure to state a claim de novo. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019). To survive Capella's motion to dismiss under Rule 12(b)(6), Gallagher needed to plead "enough facts to state a claim to relief that [was] plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . ."). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting

Fed. R. Civ. P. 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

Gallagher's breach of contract claim in part requires the court to review academic decisions made by Capella, including the decision not to approve Gallagher's dissertation due to lack of citations and plagiarism. Under Oregon law, a court can review a university's academic decision only if it was made arbitrarily or in bad faith. *Tate v. N. Pac. Coll.*, 140 P. 743, 746 (Or. 1914) ("The faculties of colleges . . . exercise quasi judicial functions, and their decisions are conclusive, if they act within their jurisdiction, and in good faith, and not arbitrarily.").[1]

Gallagher's amended complaint does not plausibly plead that Capella made arbitrary or bad-faith decisions. Gallagher makes the conclusory assertion that Capella's conduct involved "bad faith, misconduct, and arbitrary action." Am. Compl. at 8. But the allegedly "arbitrary" decisions he challenges—Capella's requiring more citations for his dissertation, rejecting his dissertation for plagiarism, and requiring a specific method in his dissertation—are valid academic decisions, not

---

[1] Oregon has not termed this rule the "educational malpractice" doctrine, but courts that apply similar deference to universities refer to it as such. *See, e.g.*, *Gillis v. Principia Corp.*, 832 F.3d 865, 872 (8th Cir. 2016) (holding that a "breach-of-contract claim that raises questions concerning the reasonableness of the educator's conduct in providing educational services . . . is one of educational malpractice" and is not cognizable under Missouri law (alteration in original) (internal quotation marks omitted)).

arbitrary ones. *See Tate*, 140 P. at 744 ("[College faculties have] power to make rules and regulations for the government of [their] students, in the manner and *methods* of study . . . ." (emphasis added)). Dismissal of Gallagher's breach of contract claim predicated on academic decisions made by Capella was therefore warranted.

To the extent Gallagher alleges a breach of contract claim that is not based on an unreviewable academic decision, he has failed to plausibly plead that Capella breached a specific promise. *See Iqbal*, 556 U.S. at 678; *Slover v. Or. State Bd. of Clinical Soc. Workers*, 927 P.2d 1098, 1101 (Or. App. 1996) (reciting the elements of a breach of contract claim under Oregon law). We find from our reading of the amended complaint few specific promises that Gallagher alleges Capella broke. The promise on which the amended complaint and opening brief primarily focus—"to provide the academic degree of Ph.D. when [Gallagher] completed the requirements set forth in the Capella catalog and other materials," Am. Compl. at 2—fails because Gallagher plainly had not completed those requirements. *See Slover*, 927 P.2d at 1101 (explaining that a plaintiff asserting a breach of contract claim must allege that it fully performed the contract); Am Compl. at 5 ("This approval, Milestone 11, was not granted."). And Capella's rejection of his dissertation (the decision that led to his failure to complete the requirements) is an academic decision that is unreviewable unless made arbitrarily or in bad faith, which Gallagher has not plausibly pleaded.

- 4 -

Other "personal and explicit promises" that Gallagher mentions appear to refer to Capella's promises that it "could and would uniquely provide services and a method to assure he would obtain the degree." Am. Compl. at 2. But Gallagher does not plausibly plead how Capella broke this promise. In fact, the amended complaint acknowledges that Capella provided its unique mentor program and milestone program to help Gallagher obtain a degree.[2] *See Slover*, 927 P.2d at 1101 (explaining that a plaintiff must allege, among other things, a defendant's breach to state a plausible breach of contract claim).

We do not consider the district court's dismissal of Gallagher's unjust enrichment claim because he makes no argument pertaining to this cause of action on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

---

[2] And even assuming *arguendo* that Capella's promises in the catalog, manual, and handbook apply, Gallagher has not plausibly pleaded an explicit promise that Capella made and broke.

We therefore affirm the judgment of the district court.[3]

**AFFIRMED**.

---

[3] On December 8, 2021, without leave of this court, Gallagher filed a document captioned "Plaintiff's Oral Argument." [Dkt. No. 26] Because we have concluded that this appeal can be decided on the briefs and record on appeal, without oral argument, we decline to consider this document.