NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL AITKIN,

    Plaintiff-counter-
    defendant-Appellant,

  v.

USI INSURANCE SERVICES, LLC, a
foreign limited liability company; KIBBLE
& PRENTICE HOLDING COMPANY,
DBA USI Insurance Services Northwest, a
foreign corporation,

    Defendants-counter-
    claimants-Appellees.

No.   21-35497

D.C. No. 2:21-cv-00267-HZ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Argued and Submitted February 7, 2022
Portland, Oregon

Before:  PAEZ and NGUYEN, Circuit Judges, and TUNHEIM,[**] District Judge.

Michael Aitkin ("Aitkin") appeals the district court's grant of a preliminary

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

injunction enforcing a non-compete agreement with his former employer, USI Insurance Services, LLC ("USI"). We have jurisdiction under 28 U.S.C. § 1292(a) and review for abuse of discretion. *Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012). We review de novo legal conclusions and factual findings for clear error. *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1123 (9th Cir. 2014). We affirm.

**1.** The district court did not apply "an erroneous legal standard" and thus abuse its discretion. *Farris*, 677 F.3d at 864 (citation omitted). The court first set out the governing standard under *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008). It then applied the *Winter* standard to the facts, finding that USI would "likely suffer irreparable harm in the absence of preliminary relief." The district court cited to *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832 (9th Cir. 2001), to show the type of intangible injury that may support preliminary injunctive relief, not for the preliminary injunction standard. *See, e.g.*, *Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013) (citing *Stuhlbarg* as holding that "evidence of loss of customer goodwill supports [a] finding of irreparable harm"). The district court did not commit legal error by citing to *Stuhlbarg*.

**2.** The district court did not abuse its discretion by relying on a "clearly erroneous finding[] of fact." *Farris*, 677 F.3d at 864 (citation omitted). To obtain preliminary injunctive relief, the moving party "must establish that he is likely to

succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. Aitkin challenges the district court's findings regarding whether USI was likely to succeed on the merits, whether USI was likely to suffer irreparable harm, and whether an injunction was in the public interest. None of the district court's findings were clearly erroneous. *Farris*, 677 F.3d at 864 (citation omitted).

First, the district court did not clearly err in finding that USI would likely succeed on the merits. To prevail on a breach of contract claim under Oregon law, USI must establish "the existence of a contract," the contract's "relevant terms," USI's "full performance and lack of breach," and Aitkin's "breach," resulting in damage to USI. *Slover v. Or. State Bd. of Clinical Soc. Workers,* 927 P.2d 1098, 1101 (Or. Ct. App. 1996) (internal quotation marks and citation omitted). After outlining Aitkin's non-compete clause, the district court found that when Aitkin referred clients to Alliant Insurance Services ("Alliant") employees, he "likely diverted and indirectly induced [USI's] clients to transfer their business to Alliant," which satisfies the Defendants' burden of proof concerning the alleged breach of the non-compete clauses.

The district court's findings were not clearly erroneous. It was not "illogical" or "implausible" for the district court to "infer[]" that Aitkin knew his

clients would follow him to Alliant, thus constituting "indirect" inducement and acceptance. *Pom Wonderful*, 775 F.3d at 1123 (citation omitted). Based on the evidence presented, the district court did not clearly err in concluding that USI would likely prevail on its breach of contract claim.[1] *Id.*

Next, the district court did not clearly err in finding that USI would likely suffer irreparable harm in the absence of a preliminary injunction. Irreparable harm is "harm for which there is no adequate legal remedy, such as an award of damages," *Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014) (citation omitted), and can include "loss of control over business reputation and damage to goodwill," *adidas Am., Inc. v. Skechers USA, Inc.*, 890 F.3d 747, 756 (9th Cir. 2018) (citation omitted). The district court found that USI established that it would likely suffer irreparable harm absent a preliminary injunction because USI had "suffered the loss of longstanding client relationships" due to Aitkin's "post-employment conduct" and was "threatened with further loss

---

[1] Aitkin further argues that his non-compete clause "violates public policy" because he is entitled to the goodwill generated from his client relationships. *Nike, Inc. v. McCarthy*, 379 F.3d 576, 584–85 (9th Cir. 2004). Not so. As the district court noted, Oregon common law establishes that employers, like USI, have a protectible interest in the goodwill generated by their employees. *Kelite Prods. v. Brandt*, 294 P.2d 320, 327 (Or. 1956) (establishing that Oregon employers are "entitled to the good will" that an employee generates while working for them "as it may be reasonably necessary to his interests").

4

of customer relationships, goodwill, and reputational harm in the absence of injunctive relief."

The district court's finding is not clearly erroneous. While the record does not contain evidence of reputational harm, USI presented "concrete evidence" of lost customers, lost client goodwill, and threatened future loss of clients and their associated goodwill. *adidas*, 890 F.3d at 756. We have held that these types of harm can be considered irreparable as they can be "difficult to valuate." *Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.,* 944 F.2d 597, 603 (9th Cir. 1991). The district court considered Aitkin's proffered expert testimony, which relied on USI's valuation model, and rejected his opinions because he failed to consider relevant factors. *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 752 (9th Cir. 1982) (holding that "unless the district court's decision relies on erroneous legal premises," this court will not reverse "simply because [it] would have arrived at a different result if it had applied the law to the facts of the case"). The district court's findings were not clearly erroneous as it was not "illogical" or "implausible" to conclude that USI's injuries were likely irreparable. *Pom Wonderful*, 775 F.3d at 1123 (citation omitted).

Finally, the district court did not clearly err in its consideration of the public interest factors. The public interest inquiry "primarily addresses impact on non-parties rather than parties." *Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 931 (9th Cir.

5

2003) (citation omitted).  When considering non-compete clauses, Oregon courts generally balance the public's interest in enforcing valid contracts and an individual's interest in seeking employment.  *Eldridge v. Johnston*, 245 P.2d 239, 250–52 (Or. 1952).  After considering applicable Oregon law and the interests of Aitkin's former USI clients, the district court found that "the public interest does not weigh strongly in favor of either side."

The district court did not clearly err.  The district court properly considered the interests of "non-parties" like Aitkin's former USI clients and balanced them against the public's interest in enforcing valid contracts.  *Bernhardt*, 339 F.3d at 931 (citation omitted).  In reviewing the district court's ruling, this court is not left with "a definite and firm conviction that a mistake has been committed."  *Pom Wonderful*, 775 F.3d at 1123 (citation omitted).  The district court did not abuse its discretion in granting USI's motion for a preliminary injunction.

**AFFIRMED**.