NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EMMANUEL ADEYINKA,

        Plaintiff - Appellant,

  v.

URBAN ALCHEMY; CITY OF
PORTLAND; Supervisor SURGE;
Supervisor LEON; DENNIS HESTER;
DESIREE SHEPHERD; CENTRAL CITY
CONCERN,

        Defendants - Appellees.

No. 26-1073

D.C. No. 3:26-cv-00117-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted April 22, 2026[**]

Before:    LEE, DESAI, and JOHNSTONE, Circuit Judges.

Emmanuel Adeyinka appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims arising from his

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

residence at a temporary alternative shelter site. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Adeyinka's federal Fair Housing Act ("FHA") claims because Adeyinka failed to allege facts sufficient to show discrimination or retaliation. *See* 42 U.S.C. § 3604 (prohibiting housing discrimination); 42 U.S.C. § 3617 (prohibiting retaliation for exercising rights under the FHA); *Morris v. W. Hayden Ests. First Addition Homeowners Ass'n, Inc.*, 104 F.4th 1128, 1146-47 (9th Cir. 2024) (setting forth elements of a hostile housing environment claim under the FHA); *Sw. Fair Hous. Council, Inc. v. Maricopa Domestic Water Improvement Dist.*, 17 F.4th 950, 960 (9th Cir. 2021) (explaining that the FHA's disparate-impact theory prohibits actions that create a discriminatory effect upon a protected class); *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998) (setting forth elements of a retaliation claim under the FHA).

The district court properly dismissed Adeyinka's Fourteenth Amendment claim because Adeyinka failed to allege facts sufficient to show that defendants violated his right to procedural due process. *See Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 970 (9th Cir. 2010) (setting forth elements of a procedural due process claim under the Fourteenth

Amendment).

The district court properly dismissed Adeyinka's breach of contract claim because Adeyinka failed to allege facts sufficient to show the existence of a contract or detrimental reliance. *See Slover v. Or. State Bd. of Clinical Soc. Workers*, 927 P.2d 1098, 1101 (Or. Ct. App. 1996) (setting forth elements of a breach of contract claim under Oregon law); *see also Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1106 (9th Cir. 2009), *as amended* (Sept. 28, 2009) (setting forth elements of promissory estoppel under Oregon law, including detrimental reliance).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**