NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 25 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VINCENT D. BUTTERS,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>TRAVELERS COMPANIES, INC.,<br>Travelers Home and Marine Insurance<br>Company,<br><br>Defendant - Appellee. | No. 24-5578<br><br>D.C. No. 3:22-cv-00726-SB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted June 22, 2026[**]

Before:    CANBY, BENNETT, and BADE, Circuit Judges.

Vincent D. Butters appeals pro se from the district court's summary

judgment and dismissal orders in his diversity action arising out of an insurance

claim.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Desire,*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021) (summary judgment); *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021) (order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6)). We affirm.

The district court properly granted summary judgment on Butters's negligence per se and fraudulent misrepresentation claims because Butters failed to raise a genuine dispute of material fact as to whether defendant made fraudulent misrepresentations or violated any applicable statute or rule. *See Strawn v. Farmers Ins. Co. of Or.*, 258 P.3d 1199, 1209 (Or. 2011) (setting forth elements of a fraudulent misrepresentation claim under Oregon law); *Buoy v. Kim*, 221 P.3d 771, 779 (Or. Ct. App. 2009) (setting forth elements of a negligence per se claim under Oregon law).

The district court did not abuse its discretion in considering the declarations submitted by defendant in support of its motion for summary judgment. *See Block v. City of Los Angeles*, 253 F.3d 410, 416 (9th Cir. 2001) (standard of review).

The district court properly dismissed Butters's claims for breach of contract and intentional infliction of emotional distress because Butters failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

24-5578

face" (citation and internal quotation marks omitted)); *Babick v. Or. Arena Corp.*, 40 P.3d 1059, 1063 (Or. 2002) (setting forth elements of a claim for intentional infliction of emotional distress under Oregon law); *Slover v. Or. State Bd. of Clinical Soc. Workers*, 927 P.2d 1098, 1101 (Or. Ct. App. 1996) (setting forth elements of a breach of contract claim under Oregon law, including the contract's "relevant terms, plaintiff's full performance and lack of breach and defendant's breach").

The district court did not abuse its discretion by dismissing the breach of contract and intentional infliction of emotional distress claims without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (explaining that "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint" (citation omitted)).

We reject as unsupported by the record Butters's contentions that the district court failed to view all evidence and draw all inferences in the light most favorable to Butters or made impermissible credibility determinations at summary judgment. We reject as without merit Butters's contention that the district court lacked

subject matter jurisdiction because certain elements of Butters's insurance claim were unresolved.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**